STATE OF MISSOURI AT THE RELATION OF HENRY N. BONNEL, RELATOR, v. HON. R. B. BRIDGEMAN, JUDGE OF THE CIRCUIT COURT OF PLATTE COUNTY, MISSOURI, ET AL., RESPONDENTS.—117 S. W. (2d) 404.

Kansas City Court of Appeals. May 2, 1938.

*Paul S. Conwell* and *Frank D. Rader* for relator (No briefs).

*Walter J. Gresham* for respondents (No briefs).

PROHIBITION.

SHAIN, P. J.—On March 1, 1938, the relator made application to the presiding judge of this court for a writ of prohibition against respondents concerning the appointment of receiver. An alternative writ was granted and made returnable April 4, 1938. Respondents in due time made return to the writ, and on April 7, 1938, relator filed reply to same. In connection with reply, relator filed motion for restitution of the property to relator. Parties hereto by stipulation waived oral arguments, and request speedy determination.

It is shown by the pleadings filed herein that Leta M. Bonnel, wife of relator, at the November term of the circuit court of Platte county, Missouri, filed a suit against the relator herein for separate maintenance. In her said petition the wife alleged that through joint efforts that she and her husband were the owners of 160 acres of land in Platte county, Missouri, and also joint owners of personal property consisting of live stock, farm implements, tools and equipment, grain, tobacco, and other personal property. The wife further alleges that her husband had squandered and wasted part of aforesaid property to which she was entitled in her own right.

The prayer of aforesaid petition is as follows:

"Wherefore, plaintiff prays that the Court enter its order, judgment and decree for support and separate maintenance; that pending this action, the court award to plaintiff, suit money and attorney's fees to enable her suit, and if necessary, that the defendant be compelled to give security for the same; that this Court restrain and enjoin the defendant from interfering in any manner with the peace of plaintiff herein, and that he be restrained and enjoined from threatening plaintiff with bodily harm, and from in any wise interfering with plaintiff herein, molesting her, or disturbing her peace, in any manner whatsoever; that said defendant be restrained and enjoined from coming on, in, near, or about the aforesaid premises; that he be restrained and enjoined from selling, mortgaging, transferring, and assigning, or attempting to sell, transfer or assign any of his real estate, personal property, or any of his assets, pending final determination herein; and for such other and further orders, judgments, and decrees as, in the premises, may seem just and proper.

"Leta M. Bonnel, Plaintiff

"Robert B. Sympson, Attorney for Plaintiff."

It appears that at the November term, 1937, of the Circuit Court of Platte County, Missouri, respondent herein duly made and entered of record a restraining order in conformity with the prayer of aforesaid petition.

It is shown that the relator herein was given thirty days in which to plead. In due time relator filed demurrer to the petition. It does not appear that the aforesaid demurrer was ever taken up and passed upon, or that any hearing has been had in aforesaid separate maintenance suit.

It appears from an exhibit (Circuit Court Docket) that at the March term, 1938, a divorce suit filed by relator against his wife was pending.

It is shown that at the November term, 1937, to-wit on January 24, 1938, Leta M. Bonnel, plaintiff in the maintenance suit made application for appointment of receiver which is in words and figures as follows:

"To the Hon. R. B. Bridgeman, Judge of the Circuit Court of Platte County, Missouri:

"Comes Leta Bonnel, plaintiff in the above entitled cause, and owner of an interest in lands hereafter described, and states to the Court that a suit has been filed in the Circuit Court of Platte County, Missouri, as mentioned and styled above, the nature of which is a suit for separate maintenance, wherein plaintiff prays for a decree of separate maintenance, that defendant be enjoined from interfering with the peace of plaintiff, and defendant be restrained and enjoined from selling, mortgaging, transferring, and assigning, and from coming on, in, near, or about the following described premises, to-wit:

"The Southeast Quarter of Section nineteen (19), Township fifty-four (54), Range thirty-five (35), being one hundred sixty acres more or less;

"Petitioner states that located upon the above described premises there are certain live-stock, farm machinery, and crops of a perishable nature which should be cared for, or disposed of, and which without such care or disposal will be entirely wasted; that plaintiff is co-owner of said personal property located on the above described premises; that said property is not in control, management, posession or charge of anyone appointed or authorized to manage, control or operate same, and that said lands should be managed and operated, and said personal property cared for, protected, or disposed of, and the said lands cultivated and crops grown thereon and that it is necessary that a receiver be appointed to take charge of said property, for preserving said property, deriving an income therefrom, repairing and protecting same.

"Petitioner states that notice has been given to all parties this ap-

plication will be presented to the Honorable Judge of the Circuit Court of Platte County, Missouri, on the 24th day of January, 1938.

"WHEREFORE, petitioner prays for appointment of receiver to take charge of, manage, operate, rent and control the land and property heretofore described and make proper report to this court.

"A. D. Gresham,

"Attorney for Petitioner."

It appears that the Sheriff of Platte County, Missouri, was upon said January 24, 1938, appointed receiver to take charge of real and personal property, as was prayed for.

The orders of the court are as follows:

"THEREFORE, IT IS HEREBY ORDERED, adjudged, and decreed that George Elliott, Sheriff of Platte County, Missouri, be, and he hereby is, appointed receiver of all property of whatsoever nature in said application described; that said receiver be, and hereby is, empowered, authorized, and ordered to take possession and control of, manage, rent, and operate the above described real estate; that said receiver be, and hereby is empowered, authorized, and ordered, to collect, protect, preserve, take control of and into his possession all the personal property and assets of whatsoever nature, of the parties hereto, to dispose of said assets of perishable nature, to arrange for the care of, or disposal of, the livestock located on the premises aforesaid, and to insure the buildings on the said premises.

"And said receiver is hereby ordered to make herein proper report to, and await the further order of, this court at the next term thereof, on the 14th day of March, 1938.

"So ordered this 24th day of January, 1938."

It is shown that at the March term, 1938, a motion to set aside order appointing a receiver was filed by relator. The notice served as to said filing stated that same would be presented for determination on March 14, 1938. No hearing on this motion appears to have been had prior to the issuing of the preliminary writ herein.

The respondents in the return, after making admissions and denials, as to allegations of relators petition herein, make allegations as to justification as follows:

"Respondent therefore says that in the matter concerning which he has been cited to appear, he proceeded and was proceeding in the proper exercise of jurisdiction conferred upon the court by law; that the court had full jurisdiction of the parties and the subject matter; that the verified petition stated a cause for separate maintenance and all of the necessary averments for the issuance of a restraining order and the appointment of a receiver under the provisions of Section 1518, Revised Statutes of Missouri, 1929; that the receiver was appointed in response to a formal application, service

of notice, appearance thereto by relator in person and by attorney; that a hearing was regularly had, and all matters presented by both parties were considered by the court; that respondent found that plaintiff was entitled to the relief prayed for, and appointed a receiver agreeable to relator, to all of which no objections were made or saved, and the action and proceedings of the court are certainly entered of record."

The relator after being informed that respondents affirmed as acting under the provisions of section 1518, Revised Statutes of Missouri, 1929, filed a motion for restitution on the alleged ground that the provisions of section 1518, Revised Statutes 1929, do not confer jurisdiction for the appointment of receiver under the facts shown, nor under the pleadings filed by the aforesaid Leta M. Bonnel.

Section 1518, Revised Statutes of Missouri, 1929, is as follows:

"Husband enjoined at suit of wife.—Any married woman may file her petition in the circuit court, setting forth that her husband, from habitual intemperance, or any other cause, is about to squander and waste the property, money, credits or choses in action to which she is entitled in her own right, or any part thereof, or is proceeding fraudulently to convert the same, or any part thereof, to his own use, for the purpose of placing the same beyond her reach, and depriving her of the benefit thereof; and the court, upon the hearing of the case, may enjoin the husband from disposing of or otherwise interfering with such property, moneys, credits and choses in action, and may appoint a receiver to control and manage the same for the benefit of the wife, and may also make such other order in the premises as they may deem just and proper, and upon the filing of such petition an injunction may be allowed as in other cases, and such petition shall be filed in the county where said petitioner resides, and the husband of said petitioner shall be made a party defendant to said petition."

The plaintiff, Leta M. Bonnel, in her application for appointment of receiver alleges merely an interest in the real estate involved. In the application for appointment for a receiver, it is nowhere alleged that the interest she has in said real estate is in her own right. Further, in her petition for appointment of a receiver, it is nowhere alleged that relator, her husband, is about to squander and waste said property.

As to the personal property involved, it will be noted that the petitioner but asserts co-ownership, but as to whether or not in her own right is not alleged. It will be further noted that there is no allegation to the effect that her husband, the relator herein, is fraudulently proceeding to convert the same, or any part thereof, to his own use, for the purpose of placing same beyond her reach, and depriving her of the benefit thereof. The further fact appears that

a court order restrains relator from going upon the premises, and restrains relator as to disposing of the property. It therefore appears that relator has not such custody or control of said property involved so as to fraudulently convert the same.

A suit by the wife for separate maintenance is declared by our courts to be a suit in equity. The jurisdiction of a court in equity in determining property rights and making orders concerning property involved upon a full hearing of the maintenance suit is not herein involved for the reason that the issues in the suit for maintenance are not shown as yet made up, and no hearing upon the issues presented in the petition for separate maintenance has as yet been had. It follows that in the determination of the issues before us, the question of jurisdiction must be determined from the allegations of the application for the appointment of a receiver.

The Circuit Court of Platte County, Missouri, undoubtedly has general jurisdiction in the action for separate maintenance filed by the wife of relator. Further, such court has general jurisdiction in proceedings brought under the provisions of section 1518, Revised Statutes of Missouri, 1929. However, the writ of prohibition lies to prohibit further exercise of power in excess of jurisdiction. [State ex rel. v. Harris (Mo. Sup.), 67 S. W. (2d) 981.]

We conclude that no jurisdiction is conferred upon the circuit court to appoint a receiver based upon any allegation of the petition of Leta M. Bonnel in her suit for separate maintenance for the reason that there has been no hearing had in said case.

The application for the appointment of a receiver is admittedly based upon the provisions of section 1518, Revised Statutes 1929.

We conclude that the allegations made in the aforesaid application, based upon aforesaid section, are not sufficient to confer jurisdiction on the circuit court to make an order appointing a receiver upon the ground that said relator, the husband, is about to squander or waste the property, money, credits or choses in action to which the wife is entitled in her own right, etc., as no such grounds as are required by the statute are alleged.

To a clear understanding of the conclusions reached herein, it must be understood that the suit for maintenance is brought under section 2989 of chapter 20, of article 1, Revised Statutes of Missouri, 1929, and that the pleading in said proceeding is not shown as duly joined. If it be concluded that a receiver can be appointed in a proceedings under said section 2989, still it follows that issues must be joined and heard therein, and proper allegations justifying the appointment must appear, and a request for a receiver made in such proceedings.

A proceeding under section 1518 of chapter 7 of article 7, Revised Statutes of Missouri 1929, is an entirely different proceeding than

that under section 2989, *supra*. Proceedings under section 1518 do not even have in contemplation a suit for maintenance. For a circuit court to have jurisdiction under section 1518, the application for a receiver must contain the statutory allegations set forth in the section.

· For the reasons stated above, the alternative writ issued herein is made permanent, and a permanent writ in conformity with the findings and judgment herein is ordered issued. All concur.