STATE ex rel. SUBSCRIBERS AT EAGLE
RECIPROCAL EXCHANGE BY MIS-
SOURI MANAGERIAL CORPORATION,
Their Attorney in Fact, Relators,

v.

Frank BRADY, Judge of the Circuit Court
of Henry County, Missouri,
Respondent.

No. 45909.

Supreme Court of Missouri,
En Banc.

Jan. 13, 1958.

Stanley W. Baker, Kansas City, Kelso Journey, Clinton, for relators.

Barkley M. Brock, Clinton, Evart Mills, McPherson, Kan., for respondent.

LEEDY, Judge.

Missouri Managerial Corporation, as attorney in fact for the subscribers at Eagle Reciprocal Exchange (an inter-insurance exchange duly organized and existing under §§ 375.790–375.920, RSMo 1949 and V.A. M.S., and for brevity hereinafter referred to as Eagle), applied to this court for prohibition to prevent respondent, the Judge of the Henry Circuit Court, from entertaining jurisdiction of an action brought in his said court by State Investment Company,

a Kansas corporation, as plaintiff, against Eagle, as defendant. The object and general nature of that action is for the recovery of unearned insurance premiums which Eagle's policyholders were respectively entitled to receive back from Eagle upon cancellation by it of the policies here involved; and plaintiff therein, State Investment Company, sues as the assignee of the rights of the policyholders in and to said unearned premiums which the petition alleges to be the sum of $50,273.16 and as involving 1223 separate transactions. State Investment had been engaged in financing, on the instalment plan, the premiums for the policies issued by Eagle to the policyholders here in question, and in connection with and as a part of said instalment premium financing plan, the policyholders executed a form of assignment to State Investment Company of the unearned premiums that might become due them, under the terms of their policies, upon cancellation of said policies by Eagle. Notice of such assignments were regularly given to Eagle, and in each instance Eagle acknowledged, in writing, receipt by it of said assignments, reciting in each such acknowledgment the following: "As per your notice to us in regard to premium payment agreement on policy (ies) as above indicated, we hereby accept the obligations of that agreement in your behalf, and we will protect your interests by paying to you all return premiums and losses to the extent of the then existing balance due you on this policy (ies)."

Service of process in the action was had upon and through the superintendent of insurance in the manner prescribed by § 375.820, RSMo 1949 and V.A.M.S., which validates and makes such service binding "in all suits in this state arising out of such policies, contracts or agreements [or reciprocal or inter-insurance of the character referred to in §§ 375.790–375.920] * * *." Relator challenged the efficacy of the service thus obtained, and upon the overruling of its motion to quash the same, applied here for prohibition. Our pre-liminary rule issued, and return thereto was made in due time. The facts are not in dispute, and the single determinative issue is one of law, to-wit: Whether, under the facts above outlined, the provisions of § 375.820 are applicable. It is tacitly conceded that if the action sought to be prohibited is one arising out of policies, contracts or agreements of reciprocal or inter-insurance of the character referred to in §§ 375.790–375.920, then the trial court did not err in denying the validity of relator's challenge to its jurisdiction.

■ Relator's claim is that § 375.820 provides a method of service only in suits by and between the subscribers on the contracts exchanged by them (citing the Arkansas case of Vandover v. Lumber Underwriters, 197 Ark. 718, 126 S.W.2d 105), and that State Investment's action "is not a suit arising out of policies within the meaning" of said section. We are unable to assent to either aspect of this claim.

We fail to find that Vandover v. Lumber Underwriters' supra, aids relator. That was an action by the receiver of a national bank to enforce shareholders' liability upon an assessment made against stock in the failed bank. The Arkansas statute authorizing service upon the insurance commissioner is quite similar to our own. And while, of course, the court held service upon the commissioner not authorized in that action, it is to be noted that the court was careful to point out that the service " * * * would have been good had the suit been one to enforce a policy obligation, or a liability growing out of an insurance contract." But here, under the conceded facts, State Investment's action is bottomed upon a policy obligation, i. e., the right to receive refunds of unearned premiums—which right resided in the original policyholder, and is now vested in State Investment by virtue of the assignment to it of the policyholder's right and interest therein. It is not contended that the policyholders' interests are not assignable, nor is any attack made upon the regularity or form of

**654**

the assignments. It is not contended that State Investment, by virtue of the assignments, does not stand in the shoes of the original policyholders with respect to their right to receive back unearned premium refunds, if any. Consequently it is clear the demand sued on is predicated upon a provision of the policy, and hence squarely within the terms of § 375.820. That section is not, by its own terms nor by fair implication, limited to actions by and between the subscribers among themselves; but on the contrary it embraces, in addition, those "arising out of" policies or agreements of reciprocal insurance which other sections of the statutes, supra, authorized the subscribers to exchange.

It is true that State Investment's petition does not, in terms, plead the precise policy provisions upon which it relies with respect to the return of unearned premiums. Relator's brief makes complaint of this omission, and says that "the terms of cancellation and return of premium and the methods of computing return premium are matters created by the policy contracts and defined therein." Respondent suggests that we may take judicial notice of the provisions of the policies in question because the same are required to be filed with and approved by the superintendent of insurance, and, on this theory, his brief sets forth the provisions in question. State Investment's petition does make the general allegation that the "policies issued by the defendant were cancelled by the defendant on the dates hereinafter set forth; and that the amount of unearned premiums due on each policy so cancelled is also hereinafter set forth; and that plaintiff, by reason of the assignment to it of the unearned premiums under each of such cancelled policies, is entitled to receive such unearned premium." Even if the petition be defective in failing to allege the precise policy provisions relied on, it does not appear that said petition cannot be amended in that respect so as to state a cause of action, and unless it does so appear, relator would not be entitled to prohibition on any

ground involving the sufficiency of the petition. State ex rel. Leake v. Harris, 334 Mo. 713, 67 S.W.2d 981; State ex rel. Reed v. Harris, 348 Mo. 426, 153 S.W.2d 834, 836.

From what has been said, it follows that the provisional rule in prohibition was improvidently issued and should be, and it is, ordered discharged.

All concur.