STATE ex rel. HARRY W. CASTLEN, Prosecuting Attorney of St. Louis County; ALFRED G. LILL, Sheriff of St. Louis County; STRATTON SHARTEL, Attorney-General of Missouri; ROBERT F. STANTON, County Counselor of St. Louis County, and R. H. BAUMER, Constable of St. Ferdinand Township, St. Louis County, Petitioners, v. JERRY MULLOY, Judge of the Circuit Court of St. Louis County, Division No. 2.—55 S. W. (2d) 294.

Court en Banc, December 16, 1932.

*Harry W. Castlen, Herbert W. Ziercher, Arthur V. Lashly, Albert Miller, Forrest C. Donnell* and *Holland, Lashly & Donnell* for petitioners.

*Henry Rowe, T. J. Rowe* and *Thos. J. Rowe, Jr.,* for respondent.

ATWOOD, J.—This is an original proceeding in prohibition by the Prosecuting Attorney, the Sheriff and the County Counselor of St. Louis County, Missouri, the Attorney-General of the State and the Constable of St. Ferdinand Township in said county and state, as petitioners, to prevent respondent from enforcing or causing to be enforced the provisions of a certain decree rendered by him in an injunction suit against them, and from doing any act or entering any order pertaining to the punishment or citation of petitioners as for contempt for a violation of the terms and provisions of said decree. Respondent made return to our preliminary rule and petitioners filed verified reply thereto. Respondent thereupon filed motion for judgment on the pleadings.

The question for decision is whether our preliminary rule prohibiting respondent from enforcing the decree rendered by him in the injunction suit should be discharged or made absolute.

■ It appears from the pleadings herein that no evidence was taken. If, as petitioners contend, plaintiff's petition stated no cause of action against defendants then the decree rendered is void, and prohibition will lie to restrain its enforcement if there is no other adequate remedy. [State ex rel. v. Mills, 231 Mo. 493, 503, 133 S. W. 22; 32 Cyc. 621, 622, n. 44; 22 R. C. L. p. 6, n. 13, and cases cited.]

■ Counsel for respondent insist that petitioners had an adequate remedy by appeal, and for that reason our preliminary rule in prohibition should not have been issued. The restraint here complained of is upon a public and not a private right. The public is to that extent deprived of its right to the unhampered exercise of official discretion on the part of its law enforcement representatives in the discharge of their duties. Where it appears on the face of a petition that conduct of the very business sought to be protected would be in violation of law it is unthinkable that the police power should be bound and crime loosed pending the result of an appeal in the injunction suit—all on the specious plea that in this the public would have an adequate remedy. In such case the remedy by appeal is obviously inadequate.

After the preliminary rule was issued in this case the appeal taken in the injunction suit was advanced in this court on motion because of the public interest involved, and there is herewith handed down our opinion on the merits of that appeal wherein we hold that

the petition stated no cause of action against defendants. The reasons therefor are just as apparent on the face of the record in this case as they were on the face of the record submitted on the appeal and reference is made to that opinion for a full statement of the grounds for such holding. [Wellston Kennel Club, a Voluntary Association, v. Harry W. Castlen, 55 S. W. (2d) 288.] It is enough simply to announce the same holding in this case.

██ Counsel for respondent, however, say that in this case our writ was prematurely issued because the injunction suit had gone to final judgment and no proceeding was then pending for its enforcement, citing State ex rel. v. Ryan, 180 Mo. 32, 49, 79 S. W. 429. In that case members of a state board applied to a circuit court for a contempt citation directed to certain witnesses who had refused to testify in certain matters then pending not in court but before the board. No citation had been issued when the writ was applied for and upon an admittedly technical view of the facts pleaded it was held that there was no cause pending before the circuit court upon which the writ could operate, hence, prohibition would not lie. According to the petition in the instant case not only did respondent permanently enjoin petitioners, in a suit brought for that purpose, from taking any official action whatever that would in anywise interfere with the Kennel Club's alleged activities, but each of them was immediately served with a copy of the order. This record is meaningless if it does not show that any subsequent act of petitioners in violation of respondent's order would be met by the Kennel Club's motion in the same cause for a contempt citation, and respondent's return filed herein boldly declares his intention to proceed therewith unless prohibited by this court. We think the facts shown fully meet the requirement of a pending action, proceeding or matter upon which the writ could operate. [Ferriss on Extraordinary Remedies, sec. 321, pp. 432, 433, n. 25; 22 R. C. L. 8, sec. 7, n. 8; 50 C. J. p. 662, n. 86, p. 663, n. 96.]

The preliminary rule was providently issued and it is now made absolute. All concur.