STATE OF MISSOURI at the Relation of PAUL E. LEAKE, C. A. KOOP, MATHEW A. MOLITOR and PAUL E. LEAKE and C. A. KOOP, Doing Business as STERLING AND COMPANY, Relators, v. BROWN HARRIS, Judge of the Circuit Court of Jackson County, and J. H. SMEDLEY, Sheriff of Jackson County.—67 S. W. (2d) 981.

Court en Banc, February 3, 1934.

*Maurice J. O'Sullivan,* and *J. Francis O'Sullivan* for relators; *Julius C. Shapiro* of counsel.

716

*George Kingsley* and *Marcy K. Brown, Jr.*, for respondents.

*F. E. Williams, amicus curiae.*

FRANK, J.—Prohibition. Honorable BROWN HARRIS is Judge of the Circuit Court of Jackson County. J. H. Smedley was appointed receiver in a certain cause pending in said circuit court. Relators seek to prohibit said judge from taking further cognizance of said cause or making any other or further orders therein, and said receiver from further acting as such.

The record shows that Kansas City, Missouri, as plaintiff, filed a suit in said circuit court against Paul E. Leake et al., doing business as Sterling & Company, charging that defendants were engaged in what the petition denominates the "loan shark business," loaning small sums of money to needy borrowers at a high, exorbitant and usurious rate of interest, in violation of the laws of the State and the ordinances of Kansas City. The petition attempts to set out in detail the manner in which defendants conducted said loan business

and charges that the conduct of said business amounts to the maintenance of a common nuisance in said city. The petition prayed that defendants be enjoined from lending money at a rate of interest in excess of that permitted by the laws of the State of Missouri; that a receiver be appointed without notice to defendants, and that such receiver be ordered to immediately take possession of all records, papers and other property belonging to defendants and used by them in connection with the lending of money; that said receiver be further ordered to ascertain the amount of the principal sum loaned to each borrower, the rate of interest charged, the amount paid as interest and the amount paid on the principal, and that such receiver report his findings to the court for further orders; that defendants be enjoined from assigning or disposing of the assets of said business otherwise than as ordered by the court.

■ Upon the filing of above petition the circuit court, without notice to defendants, appointed respondent, J. H. Smedley, as receiver and ordered him to take charge of said defendants' books, records and property used in connection with said loan business, and retain possession thereof until further orders of the court. Respondent, Smedley, duly qualified as such receiver and in obedience to the orders of the court took charge of defendants' property and business. Pursuant to a notice to appear and show cause why such receivership should not be continued, defendants appeared and moved the court to vacate and set aside the appointment of the receiver and order the receiver to restore to defendants the business and property which had been taken from them. Defendants' motion to vacate the appointment of the receiver was overruled and defendants duly appealed therefrom to this court, giving a *supersedeas* bond duly approved by the court at the time the appeal was granted. Thereafter plaintiffs moved the court to set aside the order granting such appeal. Whereupon defendant sought the intervention of this court through a writ of prohibition. Our preliminary rule issued to which respondents made return, and relators then moved the court to make the preliminary rule absolute.

The record shows that the court maintained the receiver in possession of the property after the appeal (with statutory *supersedeas*) had been granted from the order overruling the motion to vacate the appointment of the receiver. Such action on the part of the court was in excess of its jurisdiction. When the appeal was granted and the *supersedeas* bond was given, further possession of the receiver was stayed by virtue of the statute. [Secs. 1022 and 1024, R. S. 1929.] This question was considered and determined by our court en banc in State ex rel. v. Hirzel, 137 Mo. 435. In that case an appeal (with statutory stay bond) had been granted from an order overruling a motion to vacate the appointment of a receiver. The receiver remained in possession of the property after the appeal (with bond)

had been granted. In that case we held that the court was without jurisdiction to maintain the receiver in possession of the property after the appeal was granted and the bond was given. We granted prohibition to prevent the receiver's further continuance in possession of the property, and affirmatively ordered him to forthwith deliver the property in his custody to the parties from whom he received it. The opinion in that case considers the question rather exhaustively, and we refer the reader to that case without again entering into an extended discussion of the question.

Respondents contend that relators' right to the possession of their records and property pending the appeal is a moot question because the receiver has delivered the property to them.

This case was submitted on the pleadings. We must, therefore, look to the pleadings for the facts. Respondents' return to the writ admits that the receiver is in possession of $2200 which he took from relators, and that he keeps and maintains an agent in relators' place of business to watch the books and records to prevent their removal from the place of business or from the State. When relators appealed from the order of the court refusing to vacate the appointment of the receiver and gave a *supersedeas* bond, they were entitled, as a matter of law, to the possession of the $2200 in cash, as well as the complete possession of the books and records without the presence of an emissary of the receiver to guard them. In view of the admissions in respondents' return as to the possession of relators' property, they are not in a position to claim that relators' right to the possession thereof, pending the appeal, is a moot question.

Relators contend that the circuit court was without jurisdiction to appoint a receiver without notice. As that question is involved in the pending appeal from the order refusing to vacate the appointment of the receiver, we will not determine it at this time.

Relators further contend that prohibition will lie because the petition in the action pending in the circuit court did not state facts sufficient to constitute a cause of action.

The trouble with relators' contention is that a failure to state a cause of action or a defective statement of a good cause of action does not necessarily show lack of jurisdiction. Where it may be gleaned from the petition that the cause of action attempted to be stated belongs to that class of cases of which the circuit court has general jurisdiction, that court has jurisdiction to determine the sufficiency or insufficiency of the petition, and if it should hold a bad petition good, or a good petition bad, such holding would be error which could be corrected by appeal or other appropriate remedy, but it furnishes no ground for prohibition. Speaking to a like question in State ex rel. v. Stobie, 194 Mo. 14, 46, 92 S. W. 191, we said:

"For instance, where a court has jurisdiction to render judgments, in ordinary civil causes, it would be manifestly improper to issue a

writ of prohibition against it on an applicaton alleging that it was about to pronounce such a judgment on a petition which did not state a cause of action, but which the trial court had held sufficient. . . . A mistaken exercise of a jurisdiction with which the court is, by law, invested does not furnish a sufficient basis for prohibition.''

Again at page 49 of the same case we said:

''If the court has jurisdiction over the subject-matter, it has the power to decide whether the petition does or does not state a cause of action, and the mere failure of the petition to state a cause of action or the defective statement of a good cause of action, in no way affects the jurisdiction of the court.''

There is no question but what circuit courts have general jurisdiction of actions to enjoin the maintenance of a common nuisance. Neither is there any question but what the petition in question attempted to state such a cause of action. Whether or not the petition did state such a cause of action, we do not decide. What we do hold is that the circuit court had jurisdiction of the subject matter of the action, and having such jurisdiction, it had the power to determine whether the petition did or did not state a cause of action. If it should err in that determination, the remedy would be by appeal or writ of error and not by prohibition. Other questions are raised by the relators, but they do not go to the jurisdiction of the court and for that reason furnish no basis for prohibition.

This court in a proper case, on granting a writ of prohibition will make an order to undo acts done in excess of jurisdiction. Such was done by this court in State ex rel. v. Hirzel, supra.

Our conclusion is that the circuit court acted in excess of its jurisdiction in maintaining the receiver in possession of the property after the appeal was granted and the *supersedeas* bond was given and approved. Our preliminary rule should be made absolute to the extent of prohibiting respondents from keeping possession of the property pending the appeal. It is so ordered. It is further ordered that the receiver forthwith deliver all property, records and papers in his custody to relators. All concur, except *Hays, J.*, absent.