GENECOV v. WINE et al.
ROOSTH v. WINE (two cases).
Nos. 11473, 11497, 11498.

Circuit Court of Appeals, Eighth Circuit.
Feb. 6, 1940.
Rehearing Denied March 5, 1940.

W. Edward Lee, of Longview, Tex., for appellants.

T. B. Vance, of Texarkana, Ark., on the brief for appellant in No. 11473.

Frank S. Quinn, of Texarkana, Ark. (Will Steel and H. M. Barney, both of Texarkana, Ark., on the briefs), for appellee Charles C. Wine, receiver.

James D. Head, of Texarkana, Ark., for appellee, Standard Oil Co. of Louisiana, in No. 11473.

Before STONE, GARDNER, and SANBORN, Circuit Judges.

SANBORN, Circuit Judge.

These appeals were argued and submitted together and will be disposed of in one opinion. They arise out of controversies between the appellants, creditors of the Texarkana Drilling Company, Inc. (hereafter referred to as Texarkana), on the one hand, and the Receiver of that company appointed by the Chancery Court of Miller County, Arkansas, on the other hand, with respect to moneys due to Texarkana from the Standard Oil Company of Louisiana (hereafter referred to as Standard).

The first appeal is from a judgment dismissing an action brought by Genecov against Texarkana, as defendant, and Standard, as garnishee, in which action he sought a judgment for $5,000 against Texarkana and the application of certain of the moneys owed it by Standard to the satisfaction of that judgment. The other appeals are from decrees in two interpleader suits brought by Standard for the purpose of having the court below determine to whom it (Standard) should pay the moneys which it owed Texarkana. The decrees required that the money which Standard had paid into that court in con-

nection with these interpleader suits be paid to the Receiver.

Without going into unnecessary detail, the facts are, in substance, as follows: Texarkana owned two oil and gas leaseholds in Miller County, Arkansas. In the spring of 1938 it drilled three wells upon these leaseholds, which produced oil and gas that was purchased by Standard. During the drilling operations, Genecov loaned Texarkana $5,000. Roosth sold Texarkana steel casing of the value of $6,000 and took as security an assignment of a part of the production of the wells and a lien upon the leasehold interests of Texarkana. The claims of Genecov and Roosth have not been paid. Texarkana failed to pay the claims of persons who had furnished labor and material for the drilling of the wells, and who, under the laws of Arkansas, were entitled to liens superior to those of other creditors. See Pope's Digest Statutes of Arkansas, 1937, c. 101, §§ 8905–8917. On June 9, 1938, Dock Tice, a laborer's lien claimant, brought suit in the Chancery Court of Miller County, Arkansas, to foreclose his lien. Others similarly situated did likewise. On July 25, 1938, Dock Tice amended the complaint in his suit, setting up the existing race between creditors for the Texarkana assets, and asserting that the priority of laborers' liens was being destroyed; that Standard could not safely pay over the moneys which it owed Texarkana for oil and gas purchased; that Texarkana could not pay its creditors nor operate its property due to lack of funds, and that, unless a receiver was appointed to prevent waste, mismanagement and drainage of oil from the Texarkana leaseholds, the assets of that company, available for the payment of creditors, would be dissipated. The prayer of the amended complaint was for the appointment of a receiver. Upon this amended complaint and with the consent of Texarkana, the Chancery Court of Miller County, Arkansas, on July 25, 1938, appointed Charles C. Wine receiver of the properties of Texarkana. As such Receiver, he was directed by the court "to take into custody the oil wells set forth in the Complaint, together with the lease upon said lands and all and singular the equipment, machinery, tools, appliances and personal property located upon said leasehold interests, and all oil runs and production from said wells and all accounts, choses in action, and chattels of said defendant, Texarkana Drilling Company, Inc., situated on said lands described and embraced in Plaintiff's Complaint, and hold the same until further orders of the Court."

Genecov and Roosth became parties to the receivership proceedings in the Chancery Court and submitted for adjudication their respective claims against Texarkana. That court decided that the claim of Genecov was entitled to be allowed as a general claim. It decided that Roosth was entitled to a materialman's lien and judgment for the amount claimed by him. Counsel for these claimants then submitted to the Chancery Court forms of judgments in accordance with its rulings with respect to these claimants, which proposed judgments were lodged with the clerk of that court, but were not entered of record.

Thereafter and on October 13, 1938, Genecov commenced his garnishment action in the court below, in which Texarkana was named as defendant and Standard as garnishee. He procured a default judgment against Texarkana. The Receiver was then made a party to the action, and moved to set aside the default judgment. He interposed an answer to Genecov's complaint, asserting that Genecov had obtained a judgment for $5,000 in the receivership proceedings in the State Chancery Court; that, by virtue of those proceedings, that court had obtained original and exclusive jurisdiction of the moneys due from the Standard to Texarkana and the exclusive right to determine all questions incident thereto and to administer all funds and properties of Texarkana; that the moneys Genecov was seeking to reach were not subject to garnishment, being "in custodia legis". The Receiver prayed for a dismissal of Genecov's action. The court, after a trial, set aside the default judgment against Texarkana and entered a judgment of dismissal upon the following grounds: (1) That the State Chancery Court had exclusive jurisdiction of the subject matter of the action; (2) that, at the time the action was commenced, the moneys in the hands of Standard due to Texarkana were "in custodia legis"; and (3) that Genecov's claim had already been adjudicated in the State Chancery Court.

In the interpleader suits, to which the Receiver, Genecov, Roosth and others were parties, the court below, after a trial, ruled that the moneys due Texarkana from Standard, which the latter had paid into the

court below, should be paid over to the receiver to be disbursed "in accordance with final orders of distribution which may be by said court [the State Chancery Court] hereafter made", without prejudice to "the defendants or any of them pursuing any remedy which they may have or any claim which they may prove in the Miller County Chancery Court or the prosecution of any appeal by them from any order of the Miller County Chancery Court to the Supreme Court of the State of Arkansas."

It seems as obvious to us as it did to the court below that the Chancery Court of Miller County, Arkansas, prior to the commencement of the garnishment action of Genecov and of the suits in interpleader brought by Standard, had obtained exclusive jurisdiction of the res which Genecov and Roosth seek to have appropriated to the payment of their claims against Texarkana to the exclusion of other creditors of that company.

■ The rule is that when a court of competent jurisdiction has taken possession of property through its officers, that property is withdrawn from the jurisdiction of all other courts, which, although having concurrent jurisdiction, may not disturb that possession; and that the court which originally acquires jurisdiction is competent to hear and determine all questions respecting title, possession and control of the property.[1] This rule applies, although the court, through its receiver, has not secured actual physical possession of the property of the debtor.[2]

■ Possession, actual or constructive, of the property of the debtor gives to the court acquiring it the exclusive right to determine all questions incident to the collection, preservation and distribution of such property.[3]

■ The contention of the appellants that the State Chancery Court was without jurisdiction to appoint a general receiver with power to collect from Standard the moneys due from it to Texarkana, must be disregarded. That court, in appointing a general receiver, necessarily held that it had jurisdiction to do so, and its determination in that regard was not subject to collateral attack either in the court below or in this court.[4]

■ The State Chancery Court having acquired exclusive jurisdiction of the res which the appellants seek to reach, and of all questions incident to the collection, preservation and distribution thereof, the appellants, who have submitted themselves to the jurisdiction of that court and have

[1] Leadville Coal Co. v. McCreery, 141 U.S. 475, 477, 12 S.Ct. 28, 35 L.Ed. 824; Porter v. Sabin, 149 U.S. 475, 480, 13 S.Ct. 1008, 37 L.Ed. 815; Farmers' Loan & Trust Co. v. Lake Street Elevated R. Co., 177 U.S. 51, 61, 20 S.Ct. 564, 44 L. Ed. 667; Wabash R. Co. v. Adelbert College, 208 U.S. 38, 54, 28 S.Ct. 182, 52 L.Ed. 379; Palmer v. Texas, 212 U.S. 118, 129, 130, 29 S.Ct. 230, 53 L.Ed. 435; Lion Bonding & Surety Co. v. Karatz, 262 U.S. 77, 88, 89, 43 S.Ct. 480, 67 L. Ed. 871; Harkin v. Brundage, 276 U.S. 36, 43, 48 S.Ct. 268, 72 L.Ed. 457; Isaacs v. Hobbs Tie & Timber Co., 282 U.S. 734, 737, 51 S.Ct. 270, 75 L.Ed. 645; Penn General Casualty Co. v. Pennsylvania, 294 U.S. 189, 195, 196, 55 S.Ct. 386, 79 L.Ed. 850; Marcell v. Engebretson, 8 Cir., 74 F.2d 93, 98; Motlow v. Southern Holding & Securities Corp., 8 Cir., 95 F.2d 721, 725, 119 A.L.R. 1331; Holley v. General American Life Ins. Co., 8 Cir., 101 F.2d 172, 173, 174.

[2] Kline v. Burke Construction Co., 260 U.S. 226, 229, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077; Harkin v. Brundage, 276 U.S. 36, 43, 48 S.Ct. 268, 72 L.Ed. 457; Palmer v. Texas, 212 U.S. 118, 129,

[2] S.Ct. 230, 53 L.Ed. 435; Farmers' Loan & Trust Co. v. Lake Street Elevated R. Co., 177 U.S. 51, 61, 20 S.Ct. 564, 44 L.Ed. 667; Marcell v. Engebretson, 8 Cir., 74 F.2d 93, 98. See, also, Looney v. Eastern Texas R. Co., 247 U. S. 214, 221, 38 S.Ct. 460, 62 L.Ed. 1084; Pacific Telephone & Telegraph Co. v. Star Pub. Co., D.C., 2 F.2d 151, 153; C. T. C. Investment Co. v. Daniel Boone Coal Corporation, D.C., 58 F.2d 305, 320–323.

[3] Riehle v. Margolies, 279 U.S. 218, 223, 49 S.Ct. 310, 73 L.Ed. 669; Ex parte Baldwin, 291 U.S. 610, 615, 54 S. Ct. 551, 78 L.Ed. 1020; Pufahl v. Estate of Parks, 299 U.S. 217, 226, 57 S. Ct. 151, 81 L.Ed. 133; Bank of Bethel v. Pahquioque Bank, 81 U.S. 383, 14 Wall. 383, 20 L.Ed. 840; Calhoun v. Lanaux, 127 U.S. 634, 639, 8 S.Ct. 1345, 32 L.Ed. 297.

[4] Lion Bonding & Surety Co. v. Karatz, 262 U.S. 77, 90, 43 S.Ct. 480, 67 L.Ed. 871; Holley v. General American Life Ins. Co., 8 Cir., 101 F.2d 172, 173, 174; Chicot County Drainage Dist. v. Baxter State Bank, 60 S.Ct. 317, 319, 84 L.Ed. —.

secured from it a determination of the amount and validity of their claims,[5] cannot invoke the aid of the Federal court in connection with an obvious attempt to circumvent the exclusive right of the Chancery Court to administer the assets of Texarkana in the receivership.

The judgment and decrees appealed from were correct and are affirmed.

---

[5] Bethke v. Grayburg Oil Co., 5 Cir., 89 F.2d 536, 539; Hatch v. Morosco Holding Co., 2 Cir., 19 F.2d 766, 768.