### DOYNE et al. v. SAETTELE et al.

#### No. 11597.

Circuit Court of Appeals, Eighth Circuit.

May 22, 1940.

As Amended on Denial of Rehearing June 10, 1940.

James V. Frank and Joseph H. Grand, both of St. Louis, Mo. (Jacob Chasnoff, Taylor, Chasnoff & Willson, and Jones, Hocker, Gladney & Grand, all of St. Louis, Mo., on the brief), for appellants.

George O. Durham, of St. Louis, Mo. (Barker, Durham & Drury, James W. Durham, and Harry C. Barker, all of St. Louis, Mo., on the brief), for appellee Ralph L. Saettele.

Before SANBORN, THOMAS, and VAN VALKENBURGH, Circuit Judges.

SANBORN, Circuit Judge.

This appeal is from a preliminary injunction granted by the court below to protect its jurisdiction over the subject matter of a suit brought by Ralph L. Saettele against Max H. Doyne and others, the purpose of which is to secure a distribution of the assets of C. E. Smith & Co., an unincorporated association, to those who may be determined to be entitled thereto.

In 1927 Charles E. Smith, of St. Louis, Missouri, who had been conducting a successful business in that city as a consulting and supervising engineer under the name of C. E. Smith & Co., was leaving St. Louis to become an executive of an eastern railway company. He had on hand unfinished business. There were eight men in his employ. Of these, Saettele, Doyne, May, Boyles, Kinsey and Nohl were engineers. Beck was the office manager. Thomas was another employee. Smith conceived a plan for continuing the business of C. E. Smith & Co., and outlined this plan in a letter of December 20, 1927, to his employees. It is unnecessary to set it forth in detail. Doyne, Beck and May were to constitute a "Board of Control" and to have full authority to carry on and manage the business and to determine at the end of each year how much of the profits of the business was to be distributed. The distributable surplus as determined by them was to be divided among the eight employees in accordance with certain specified percentages. The employees accepted Smith's plan and proceeded to carry on the business under it.

In April, 1928, Thomas withdrew from the business. This resulted only in a revision upward of the percentage of profits to which each of the remaining associates was entitled. The "Board of Control" made the revision. On October 15, 1935, Boyles withdrew, and on February 27, 1936, he commenced a suit in the Circuit Court of the City of St. Louis for a dissolution of C. E. Smith & Co., the appointment of a receiver, and a liquidation and distribution

of its alleged $51,839.31 of assets, upon the theory that the association was a partnership or joint enterprise and that his withdrawal had worked a dissolution of it. The defendants in the Boyles suit were the six surviving associates, including Saettele. Kinsey, Nohl and Saettele joined with Boyles in his prayer for a dissolution of the alleged partnership and a distribution of assets. Doyne, Beck and May, the "Board of Control", resisted. On September 28, 1936, Judge Joynt, of the Circuit Court of the City of St. Louis, upon the pleadings, entered a decree determining that the association was a partnership or joint enterprise which had been dissolved as of October 15, 1935, when Boyles withdrew; that Doyne, Beck and May had in their possession the assets of the association as agents or trustees for all of the parties to the cause; and that an accounting should be had. Paul Dillon was appointed receiver. An attorney and an accountant for the receiver were later appointed by orders of Judge Joynt.

On February 23, 1937, Smith, Doyne, Beck and May, as relators, procured from the Supreme Court of Missouri a provisional writ of prohibition directed to Judge Joynt and Paul Dillon, receiver, requiring them to show cause "why a writ of prohibition should not issue, as prayed, prohibiting and restraining you, and each of you, from taking any further action in a cause entitled Robert M. Boyles, plaintiff, against Max H. Doyne, Martin C. Beck, Samuel B. May, Milton M. Kinsey, Ralph L. Saettele and Frank R. Nohl, defendants, No. 5186, Div. No. 2; and you and each of you * * * are commanded, in the meantime, to take no further steps in said cause until the further order of this court." The petition of the relators upon which the provisional writ was based had charged Judge Joynt with exceeding and usurping jurisdiction in the proceedings before him in the Boyles suit, and had asserted that his orders and decrees were wholly illegal and void on the grounds that the petition filed by Boyles in the Circuit Court of the City of St. Louis failed to state any cause of action; that answers thereto stated a meritorious defense; that the pleadings in the cause had conferred no jurisdiction upon the Circuit Court of the City of St. Louis; and that, in any event, the orders made were in excess of its jurisdiction. To the rule of the Supreme Court, Judge Joynt made a return setting up all of the pleadings filed and proceedings had in his court, which return showed that the facts were as alleged in the relators' petition for the writ. The Supreme Court of Missouri, on April 4, 1939, made its provisional writ absolute. It filed an opinion in which, among other things, it said: "Thus it appears that the only question for determination is whether or not the petition in the Boyles case stated a cause of action. In other words, did the petition, including the admitted facts in defendants' answer, state a cause of action authorizing a receivership and liquidation of the business as a partnership or joint adventure?"

It also said:

"The relationship of plaintiffs and defendants to the business is that of employees. The petition, including the admitted facts in defendants' answer, did not state facts sufficient to create the relationship of either partners or joint adventurers. Furthermore, under the admitted facts, the petition could not be amended to state a cause of action creating such a relationship.

"Respondent judge did not brief the merits. He briefed only procedural contentions. In Laumeier v. Sun-Ray Products Co., 330 Mo. 542, 50 S.W.2d 640, 643, 84 A.L.R. 1435, we ruled as follows: 'Absent a cause of action stated in the main case, there is no main case pending, and the court is without power or jurisdiction to appoint a receiver'.

"Furthermore, the judgment and all orders entered by respondent judge in the case are void and of no force and effect. He proceeded in the cause in excess of his jurisdiction, and our provisional rule should be made absolute. It is so ordered." State v. Joynt, Mo.Sup., 127 S.W.2d 708, 709, 714.

A petition for rehearing was denied by the Supreme Court of Missouri on May 2, 1939; but its mandate was stayed to permit application for certiorari to the Supreme Court of the United States. Certiorari was not applied for, and the mandate went down on June 17, 1939.

On June 16, 1939, before the mandate was filed, Saettele filed his bill in equity in the court below, in which he joined as defendants Doyne, Beck and May (the "Board of Control") and Boyles, Kinsey, Nohl, C. E. Smith and Paul Dillon, the de facto receiver appointed by Judge Joynt. Aside from the jurisdictional averments,

the bill alleged in substance that the "Board of Control" were trustees of the assets of C. E. Smith & Co.; that they had breached their trust; that the trust estate belonged in equity to the plaintiff and the defendants other than Dillon and Smith; that Dillon had in his possession $26,000 belonging to the trust estate; that an accounting was necessary to ascertain what the trust estate consisted of and to determine the interests of the various beneficiaries therein. His prayer was for an accounting, a liquidation of the assets, and a distribution of the trust estate to those who were entitled thereto, together with such relief pending a trial upon the merits and a final decree as might be necessary to preserve the trust estate, including an injunction against waste and dissipation of the assets, and for the appointment of a receiver. Personal service of process was had upon all defendants except Smith, who was a citizen of Connecticut, and substituted service was had upon him under § 118, Title 28, U.S.C., 28 U.S.C.A. § 118. Smith subsequently appeared and moved to set aside this service. The court below denied his motion and also a motion of the "Board of Control" to dismiss the bill. By subsequent amendments to the bill, the plaintiff brought in as defendants other parties who were in possession of funds or property of C. E. Smith & Co. alleged to be trust assets.

On July 24, 1939, the court below, upon application of the plaintiff, issued a restraining order to prevent interference with its jurisdiction of the subject matter of this suit and of the assets of the alleged trust fund, and directed the defendants to show cause why a preliminary injunction should not be granted. On July 27, 1939, Doyne, Beck, May and Smith filed complete returns to the order to show cause, in which they set up the proceedings had in the courts of Missouri in the Boyles case and the prohibition proceedings. The court below for three days heard testimony and argument. It appeared that Doyne, Beck, May and Smith had procured from Judge Joynt an order dissolving all orders previously entered by him in the Boyles case and directing that all assets of C. E. Smith & Co. be turned over to them, the Circuit Court of the City of St. Louis reserving "jurisdiction of the parties and of the cause for such further action as may be proper on the pleadings now or hereafter filed in said cause and with respect to all matters herein not disposed of by the foregoing order";

that armed with this order of Judge Joynt and upon giving to the Mercantile-Commerce Bank and Trust Company of St. Louis an indemnifying agreement signed by counsel for the defendants Doyne, Beck, May and Smith, the "Board of Control" secured $5,000 of United States bonds belonging to the alleged trust estate, which they deposited with their attorneys; that they had demanded of Dillon the funds which he had taken possession of as de facto receiver; that Dillon had expressed the desire to pay those funds into the registry of the court below, but that counsel for the "Board of Control" wrote Dillon "that it would be highly improper for you to pay into the Federal Court any funds which you have in your hands as de facto receiver appointed (although improperly) by the Circuit Court of the City of St. Louis"; that counsel for Smith offered to have him join with Doyne, Beck and May in a receipt to Dillon for the funds demanded, and advised Dillon that it was his duty to comply with the decision of the Supreme Court of Missouri and to turn the moneys over to the "Board of Control"; that on July 22, 1939, Dillon applied to the Circuit Court of the City of St. Louis for instructions with respect to the turning over of the funds in his hands as receiver; that counsel for the "Board of Control" had prepared, served, and mailed what might be called a supplemental and dependent motion in the prohibition proceeding of State ex rel. v. Joynt in the Supreme Court of Missouri, praying for the issuance of such orders and writs as might be necessary and proper to bring about the enforcement of its judgment and decree in that case. It further appeared that the funds in the hands of Paul Dillon, as de facto receiver of C. E. Smith & Co., amounted to $30,000, and that these funds, together with the $5,000 of securities which Doyne, Beck, May and Smith had procured from the Mercantile-Commerce Bank and Trust Company, were all within the territorial jurisdiction of the court below and were a part of the alleged trust fund constituting the subject matter of this suit. During the hearing, Doyne, Beck, May and Smith and their counsel gave some verbal assurances that if the assets of C. E. Smith & Co. were delivered to the "Board of Control", such assets would be held to abide the final judgment of the court below; but no offer was made to cause such assets to be turned in to the registry of the court or to place them in escrow to abide the final disposi-

tion of the case, or to give a bond to insure that a final decree, entered after a trial on the merits, would be complied with.

On August 1, 1939, the court below filed findings of fact and conclusions of law. It determined that it had jurisdiction of the parties and of the subject matter of the suit; that no other court of competent jurisdiction had acquired either actual or constructive possession of or jurisdiction over the trust fund in suit; that Doyne, Beck, May and Smith, after the suit was initiated, had sought to avoid an adjudication of the plaintiff's rights in the trust fund by attempting to secure possession and the removal of it from the court's jurisdiction through an order or orders from the Circuit Court of the City of St. Louis in the void cause of Boyles v. Doyne et al. On the same day, the decree appealed from was entered forbidding the defendants from interfering in any way with the jurisdiction of the court below, and, specifically, from taking any further action in the Missouri courts in the causes hereinbefore referred to.

The appellants contend that the court below erred in granting the injunction, for the following reasons: (1) That the courts of Missouri had first acquired jurisdiction of the subject matter of this suit, had not relinquished such jurisdiction, and were entitled to retain it as against all other courts. (2) That the decree of the Supreme Court of Missouri in the prohibition proceeding was an adjudication of the rights of the plaintiff. (3) That the injunction went far beyond the necessities of the case. (4) That Smith had been served outside the territorial jurisdiction of the court and had not appeared generally.

In considering the questions raised, it must be kept in mind that the court below, upon the application for a preliminary injunction to preserve the status quo pendente lite, was not required to finally determine either the issues of law or the issues of fact involved in the plaintiff's suit. The general rules governing the granting and denial of applications for such injunctions are stated in Pratt v. Stout, 8 Cir., 85 F.2d 172, 177; Speer v. School District, 8 Cir., 100 F.2d 202, 206; and Western Union Telegraph Co. v. Industrial Commission, D.C., 24 F.Supp. 370, 374. It is only where a trial court has abused its discretion in granting an injunction to preserve the existing state of things that its decree will be reversed.

(1) If it clearly appeared that the Circuit Court of the City of St. Louis or the Supreme Court of Missouri had jurisdiction of the subject matter of this suit and power to determine all questions respecting title, possession and control of the trust fund in suit, the decree appealed from was improvidently entered.

"The rule is that when a court of competent jurisdiction has taken possession of property through its officers, that property is withdrawn from the jurisdiction of all other courts, which, although having concurrent jurisdiction, may not disturb that possession; and that the court which originally acquires jurisdiction is competent to hear and determine all questions respecting title, possession and control of the property." Genecov v. Wine, 8 Cir., 109 F.2d 265, 267, and cases cited. The court below concluded that the Circuit Court of the City of St. Louis and the Supreme Court of Missouri had no jurisdiction over the subject matter of this suit, and that this rule was therefore inapplicable.

The appellants argue here, as they did in the court below, that the Supreme Court of Missouri, in the prohibition proceeding, did not rule that the Circuit Court of the City of St. Louis was completely without jurisdiction in the Boyles case, but ruled only that its orders appointing the receiver, etc., were in excess of its jurisdiction, and they contend that the State Circuit Court is still competent to determine the issues raised by the pleadings in that case. This position, we think, is not tenable. The Boyles case was predicated upon the proposition that C. E. Smith & Co., was a partnership or a joint enterprise which had been dissolved by the withdrawal of a partner or an associate. The Supreme Court of Missouri distinctly pointed out that the only question for determination in the prohibition proceeding was whether the petition in the Boyles case stated a cause of action. It held that the petition alleged a mere conclusion that the business was a partnership, and ruled that the relationship of the parties, as disclosed by the pleadings, was that of employer and employees, and that the petition did not state facts sufficient to disclose the relationship of either partners or joint adventurers. In addition, the Supreme Court made absolute its provisional writ prohibiting the Circuit Court of the City of St. Louis from taking any further

steps in the Boyles case. From and after the issuance of the writ of prohibition, that court could not go forward with the, Boyles suit. The fact that it had power to undo what had been done and to make restitution of funds which its receiver had in his possession, would not, in our opinion, make it "a court of competent jurisdiction" with respect to the Boyles case.

In Marcell v. Engebretson, 8 Cir., 74 F.2d 93, 97, we held that a wrongfully appointed receiver of a federal court became a mere custodian of the property in his possession for those who were entitled to it, and that the actual possession of the property by him did not prevent a State court from acquiring constructive jurisdiction.

■ It is the law of Missouri that a writ of prohibition will only be granted to prevent an inferior court from asserting a jurisdiction that it does not have or exceeding a jurisdiction that it does have. State v. Green, Mo.App., 17 S.W.2d 629, 635; State v. Hall, 322 Mo. 1118, 17 S.W. 2d 935, 939; State v. Skinker, 341 Mo. 28, 106 S.W.2d 409, 411; State v. Seehorn, Mo.Sup., 127 S.W.2d 418, 425, and cases cited. When an application is made to the Supreme Court of Missouri for a writ of prohibition, the only question investigated by that court is the question of the jurisdiction of the lower court. State v. Duncan, 333 Mo. 673, 63 S.W.2d 135, 138; State v. Evans, 184 Mo. 632, 83 S.W. 447. A writ of prohibition will be issued by the Supreme Court of Missouri where a plaintiff's petition states no cause of action or where the cause of action stated has ceased to exist. State v. Mulloy, 331 Mo. 776, 55 S.W.2d 294; State v. Southern, 229 Mo. App. 749, 83 S.W.2d 162, 163; State v. Sevier, 339 Mo. 483, 98 S.W.2d 677; State v. Seehorn, Mo.Sup., 127 S.W.2d 418. In State v. Sevier, supra, 339 Mo. 483, 98 S.W.2d at page 680, the Supreme Court of Missouri said: "If it can be determined from the petition that the pleader attempted to state a case belonging to a class of which the circuit court has general jurisdiction, but failed to do so, the petition would be subject to demurrer or amendment in the circuit court, and prohibition would not lie. State ex rel. Leake et al. v. Harris, Circuit Judge, et al., 334 Mo. 713, 67 S.W.2d 981, 982. But, where a petition reveals that the pleader has not stated, and cannot state, a cause of action of which the Circuit Court would have jurisdiction, then prohibition will lie. These facts must be determined from the allegations of the petition."

The opinion of the Supreme Court of Missouri and its writ, we think, disclose that it considered that the allegations of the petition in the Boyles suit showed the suit to be one in which the pleader did not state, and could not state, a cause of action of which the Circuit Court of the City of St. Louis would have jurisdiction. In so doing, the Supreme Court of Missouri merely sustained the contentions of the relators in the prohibition proceeding, who are appellants here.

■ The practical effect of the writ of prohibition was a restoration of the status quo of the parties to the Boyles suit as of the time it was commenced. That certain acts remained to be done by the Missouri courts to make the writ completely effective would not, in our judgment, affect or impair the jurisdiction of the court below in the case at bar. Apparently, either the Supreme Court of Missouri or the Circuit Court of the City of St. Louis could do whatever was necessary in execution of the writ. See State ex rel. Leake v. Harris, 334 Mo. 713, 67 S.W.2d 981, 983; State v. Hirzel, 137 Mo. 435, 37 S.W. 921, 38 S.W. 961; State v. Sevier, 342 Mo. 346, 115 S.W.2d 810, 812, 116 A.L.R. 651.

■ We think that the court below was correct in ruling that, at the time of the commencement of the suit at bar, no other court of competent jurisdiction was shown to have possession or control of its subject matter. In that situation, the court below had the power to do whatever was reasonably necessary to protect its jurisdiction lawfully acquired. See and compare Hammock v. Farmers' Loan & Trust Co., 105 U.S. 77, 26 L.Ed. 1111; Genecov v. Wine, 8 Cir., 109 F.2d 265, 267; Holley v. General American Life Ins. Co., 8 Cir., 101 F.2d 172, 174; Motlow v. Southern Holding & Securities Corporation, 8 Cir., 95 F.2d 721, 725, 119 A.L.R. 1331.

■ The contention that the court below enjoined proceedings in the Missouri courts in violation of § 265 of the Judicial Code, § 379, Title 28 U.S.C., 28 U.S.C.A. § 379, which provides, "The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy," is without merit. Section 265 does not pro-

hibit a federal court sitting in equity from enjoining, in aid or defense of its own jurisdiction, the prosecution of suits in State courts. Wells Fargo & Co. v. Taylor, 254 U.S. 175, 182-186, 41 S.Ct. 93, 65 L. Ed. 205; Essanay Film Mfg. Co. v. Kane, 258 U.S. 358, 361, 42 S.Ct. 318, 66 L.Ed. 658; Kline v. Burke Const. Co., 260 U.S. 226, 228-235, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077; Smith v. Apple, 264 U.S. 274, 276-280, 44 S.Ct. 311, 68 L.Ed. 678; Sovereign Camp v. O'Neill, 266 U.S. 292, 298, 45 S.Ct. 49, 69 L.Ed. 293; Riehle v. Margolies, 279 U.S. 218, 223, 49 S.Ct. 310, 73 L.Ed. 669; Hill v. Martin, 296 U.S. 393, 403-404, 56 S.Ct. 278, 80 L.Ed. 293; Armour & Co. v. Miller, 8 Cir., 91 F.2d 521, 526; Equitable Life Assur. Soc. v. Wert, 8 Cir., 102 F.2d 10, 14. A federal court may grant an injunction without violating § 265 when a proceeding in a State court affects the control, possession or disposition of a res of which the federal court has first acquired jurisdiction. Kline v. Burke Construction Co., 260 U.S. 226, 228-235, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077; Bryant v. Atlantic Coast Line R. Co., 2 Cir., 92 F.2d 569, 571; Riehle v. Margolies, 279 U.S. 218, 223, 49 S.Ct. 310, 73 L.Ed. 669; Equitable Life Assur. Soc. v. Wert, 8 Cir., 102 F.2d 10, 14; Harkin v. Brundage, 276 U.S. 36, 43, 48 S.Ct. 268, 72 L.Ed. 457.

█ (2) The contention of appellants that the decree of the Supreme Court of Missouri in the prohibition proceeding is res judicata and estops the plaintiff from maintaining this suit presents a doubtful issue of law which the court below was not required to finally decide upon the application for an injunction pendente lite. It is not by any means certain that the decision of the Supreme Court of Missouri constitutes a judgment upon the merits which in any way affects the plaintiff's present claim to an interest in the assets of C. E. Smith & Co. Compare Swift v. McPherson, 232 U.S. 51, 34 S.Ct. 239, 58 L.Ed. 499; American United Life Ins. Co. v. Blackhurst, 8 Cir., 108 F.2d 674, 675-676, and cases cited. That decision did not preclude the court below from protecting its jurisdiction over the fund in suit pending a final decision of all doubtful issues of law and fact upon their merits.

█ (3) With respect to the contention that the injunction went too far, it is,

of course, apparent that the court below was interested in preventing Doyne, Beck, May and Smith from securing possession and disposing of funds or property constituting a part of the alleged trust fund in suit, or taking proceedings in the State courts which would or might impair the jurisdiction of the federal court. The plaintiff had asserted that Doyne, Beck and May were endeavoring to appropriate the assets of the trust estate and to use them or to place them beyond the reach of the court below, and the court so found. It is possible that the injunction went further than was absolutely necessary. However, the application for the preliminary injunction was addressed to the discretion of the court below. The necessities of the situation were for it to determine, and we are not required to substitute our judgment for its judgment as to what was necessary to be done to preserve its jurisdiction. Moreover, we must assume that the court below will modify the injunction or set it aside whenever it receives sufficient assurance that the trust fund in suit will be kept intact and available. Its power to condition its order remains unimpaired. It was not compelled to require the plaintiff to give a bond before granting an injunction to protect its own jurisdiction (Swift v. Black Panther Oil & Gas Co., 8 Cir., 244 F. 20, 29, 30), although it might well have done so.

█ (4) It is not necessary at this time to determine whether proper service of process was had upon the defendant Smith. It did not appear that he was an indispensable party to the suit, or that absent personal service of process upon him the court was without jurisdiction to issue an injunction in protection of its jurisdiction. Smith appeared and resisted the granting of the application for the injunction. Under Rule 65(d) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, an injunction is binding upon "the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." There can be no question as to Smith's actual participation with Doyne, Beck and May, and no question as to his receipt of actual notice of the order of injunction.

The decree appealed from is affirmed.