STATE OF MISSOURI at the relation of L. B. REED and THOMAS KEARNEY, Relators, v. BROWN HARRIS, Judge of the Circuit Court of Jackson County, at Kansas City, and H. P. ROOT.—153 S. W. (2d) 834.

Court en Banc, August 14, 1941.

*William S. Hogsett* and *Leslie A. Welch* for relators.

*Clif Langsdale, Clyde Taylor* and *Roy W. Rucker* for respondents.

*Thomas C. Hennings, Jr., Henry G. Morris, Ivan Lee Holt, Jr., George D. Chopin* and *Oliver Senti* for Department of Police for City of St. Louis, *amicus curiae.*

LEEDY, J.—Prohibition: Relators Reed and Kearney are, respectively, Chief of the Police Department of Kansas City, and Superintendent of the Technical and Record Division thereof, commonly known as the Bureau of Identification. By this original proceeding in prohibition they seek to prevent the respondent judge, Hon. Brown Harris, one of the judges of the Circuit Court of Jackson County, from entertaining jurisdiction of a pending injunction suit filed by respondent Root, as plaintiff, against relators, as defendants. The relief sought in said suit is that of enjoining the sending of police photographs and fingerprints of Root to various law enforcement agencies throughout the country, which photographs and fingerprints were taken and made while he was in the custody of relators, as police officers, on a charge of having violated a municipal ordinance relating to traffic upon the streets of Kansas City.

Contemporaneously with the filing of relators' petition for prohibition, respondents, by stipulation, entered their appearance and waived the issuance and service of our preliminary rule. The issues have been framed upon relators' petition and respondents' demurrer thereto, and the cause submitted on briefs. Root having been improperly joined as a respondent in this proceeding (State ex rel. v. Duncan, 333 Mo. 673, 63 S. W. (2d) 135; State ex rel. v. Bader, 336 Mo. 259, 78 S. W. (2d) 835; State ex rel. v. Barton, 300 Mo. 76, 254 S. W. 85; State ex rel. v. Sevier (Mo.), 92 S. W. (2d) 102), he will not be further noticed as such party in the course of this opinion.

The petition in the challenged suit, after setting out the official capacities of relators as hereinabove mentioned, and that plaintiff therein has never been convicted of any felony, alleges that plaintiff was on February 17, 1941, "arrested by two members of said Police Department, and taken to headquarters . . . where he was unlawfully and wrongfully fingerprinted and photographed; . . . that said defendants threatened to and will send said fingerprints and photographs to the Federal Bureau of Criminal Identification in Washington, D. C., and to the Bureau of Identification at Jefferson City maintained by the State Highway Patrol Department, and to other persons and places unless they are restrained and enjoined." The prayer is ▆▆▆▆ that defendants be restrained and enjoined from so doing.

Respondent invokes the provisions of what is known as the "Criminal's Identification Law," Sec. 4184, R. S. '39 (Sec. 3794, Mo. Stat. Ann., p. 3314), which provides, "Any person convicted of a felony, which shall not be set aside or reversed, may be subjected by or under the direction of those in whose custody he is to the measurements, processes and operations practiced under the system for the identification of criminals, commonly known as the Bertillon signaletic system. Such force may be used as necessary to the effectual carrying out and application of such measurements, processes and operations; and the signaletic card and other results thereof may be published for the purpose of affording information to officers and others engaged in the execution or administration of the law."

It is contended in respondent's briefs that fingerprinting and photographing are parts of the Bertillon system, and, therefore, are included in the "processes and operations" authorized by the statute; but that since the statute applies only to convicted felons, it impliedly protects all other persons from subjection to such indignities, under the rule *inclusio unius est exclusio alterius*. He relies on State v. Baldwin (en banc), 317 Mo. 759, 297 S. W. 10, where, in reversing a criminal case for the reason, among others, that the State had been permitted to show defendant's picture was in the Bertillon room at police headquarters, the court, citing the statute, supra, said, "So, under the law (presumably known by all citizens) the defendant's picture was in the Bertillon room of the city of St. Louis, wherein it had no place, unless, under Section 4041 (now Sec. 4184, R. S. '39), he had been convicted of a felony and his conviction had not been reversed." Relators insist this is mere dictum, and, if it be not so regarded, they ask us to overrule the case.

The petition in the instant case sets forth the proceedings in the injunction suit, together with copies of the pleadings, including the amended answer and the reply, from which it appears that a demurrer to the petition has been overruled, and a temporary injunction issued. The amended answer contains, among other things, admissions (1)

that defendants "have no knowledge, information or belief that plaintiff has ever been convicted of any felony; (2) that as a matter of normal routine in said department, said fingerprints and photographs, or copies thereof, will be sent by officers or employees of said police department to the" agencies referred to in the petition "and, on proper request, to any other official law enforcement agency which may ask for them." A plea to the jurisdiction is also incorporated in the amended answer, which plea sets up the grounds here urged for prohibition. The reply undertakes to plead a wrongful conspiracy on the part of defendants and other (unidentified) members of the department to photograph and fingerprint labor leaders in said city. Whether plaintiff is one of the persons against whom said conspiracy is directed does not affirmatively appear. It is not so alleged, nor is there an averment of his affiliation with any labor organization. It is elementary, of course; that plaintiff cannot recover on a cause of action stated only in his reply, and not in the petition, nor may he thus piece out a cause of action.

██ Relators contend the petition not only fails to state a cause of action, but that it cannot be amended to state one. Of course, the allegation that plaintiff "was unlawfully and wrongfully fingerprinted and photographed" is the statement of a mere conclusion. Nor is there any allegation that plaintiff has no adequate remedy at law. We think that, as drawn, it wholly fails to state a cause of action. But this does not mean that relators are entitled to prohibition unless, under the admitted facts, petitioner cannot state a cause of action. [State ex rel. Leake v. Harris, 334 Mo. 713, 67 S. W. (2d) 981; State ex rel. Castlen v. Mulloy, 331 Mo. 776, 55 S. W. (2d) 294; State ex rel. Massman Const. Co. v. Buzard, 346 Mo. 1162, 145 S. W. (2d) 355.]

██ The burden of relators' brief is in support of the proposition that photographing and fingerprinting are permissible practices as incidents of a lawful arrest. If this be conceded (a point which we do not decide), it is not necessarily dispositive of the case. The real point in controversy, under permissible amendments to the petition, would still remain, i. e., the matter of sending the photographs and fingerprints to other agencies—broadcasting them—to prevent which injunction is sought. In order to sustain relators it would be ██ necessary to hold not only that the discretionary right to photograph and fingerprint exists without express legislative authority, *but also* that there is to be implied therefrom the further discretionary right, in every case, and under any and all circumstances, to circulate the same to other agencies where they will be permanently kept and exhibited. In this connection, we observe that it must be apparent there is a marked difference between making an adequate record of the identity of a person lawfully in custody (a right vehemently asserted by relators and not controverted by respondent) and the dissemination

of the photographs and fingerprints of an innocent person about whose identity there can be no question. We are asked, in effect, to hold that under no circumstances can threatened action of the nature here complained of be restrained, which is a step we are unwilling to take —at least at this stage of the proceedings, for reasons presently to be noticed.

We are satisfied that an action at law for damages would not be an adequate remedy. The damage, if any, flowing from the display of an innocent person's photograph in Rogue's galleries throughout the country, is or might be a continuing one, and not capable of any fair estimation or measurement by a money judgment. The remedy at law would be incomplete, less prompt and less efficient than resort to equitable relief, and, hence, would not constitute a bar to the latter.

Courts do recognize the right of innocent persons to the return of such records and exhibits. [14 Am. Jur., sec. 133, p. 857.] Now what facts Root might be able to allege and prove with respect to the use of his photographs and fingerprints (to say nothing of other elements going to make up his case) is something upon which we must decline to speculate. The case falls within the principle announced in State ex rel. v. Buzard, supra, where we denied prohibition, holding the petition there under scrutiny failed to state a cause of action, but disallowing the claim that under the admitted facts petitioner could not state a cause of action, and in so doing it was said, ''We have only some isolated facts and not the whole picture.'' And so it is here.

It is strenuously urged that a court of equity has no jurisdiction to enjoin law enforcement officers where the complainant makes no claim that such officers threaten irreparable damage to his property rights, and that the facts alleged by Root do not constitute violation of property rights.. This question may be dealt with more appropriately if and when it arises in the case on its merits, under such permissible amendments of the petition as may be made, and it is, therefore, reserved.

We do not need to go so far as hold that a cause of action can be stated, nor do we intend so to do. It is sufficient to say that, at this distance, we will not hold, on the admitted facts before us, that a cause of action cannot be stated. The views hereinabove expressed make it unnecessary to discuss the other contentions urged upon us by relators. The writer expresses the opinion that had the case arisen in the ordinary way, and without waiver of issuance of the preliminary rule, we would not have taken jurisdiction. Prohibition is a discretionary writ and where there is any doubt as to whether, on admitted facts, a defective petition can be amended so as to state a cause of action, it should not issue. Our preliminary rule having been improvidently issued, should be discharged. It is so ordered. All concur.