**FEDERAL SAVINGS AND LOAN IN-SURANCE CORPORATION, an agency of the United States, Plaintiff,**

v.

**PSL REALTY COMPANY, an Illinois Corporation; Granite City Investment Company, a Limited Partnership, James C. Green, Shirley J. Green, Capitol Indemnity Corporation, a corporation, Howard Steele Construction Company, Inc., and Unknown Owners, Defendants.**

No. A–Civ–76–79.

United States District Court,
S. D. Illinois,
Alton Division.

Sept. 26, 1979.

See also, D.C., 482 F.Supp. 77.

Robert W. Patterson, William J. McKenna, Hopkins, Sutter, Mulroy, David & Cromartie, Chicago, Ill., Robert S. Cohen, Giffin, Winning, Lindner, Newkirk, Cohen & Bodewes, Springfield, Ill., for plaintiff.

W. Stanley Walch, Robert H. Brownlee, Mary K. Bennett, Thompson & Mitchell, St. Louis, Mo., James H. Bandy, Listeman, Bandy & Hamilton, Belleville, Ill., for PSL Realty Co.

Rex Carr, Cohn, Carr, Korein, Kunin, Schlichter & Brennan, East St. Louis, Ill., for Granite Investment Co. and James C. Green.

Bernard A. Reinert and Francis L. Kenney, III, Kenney, Leritz & Reinert, St. Louis, Mo., for Capitol Indemnity Corp.

Philip R. Newmark, St. Louis, Mo., for Howard Steel Construction Co.

### MEMORANDUM ORDER

J. WALDO ACKERMAN, District Judge.

On September 24, 1979, this Court heard arguments relating to pending motions which present serious questions about the jurisdiction of this Court to entertain this mortgage foreclosure action. The gravamen of the motions relates to the effect on this proceeding, if any, of a recent decision of the Illinois Appellate Court for the Fifth District in *PSL Realty Company v. Granite Investment Company*, No. 77–125 (September 13, 1975).

In that opinion, the Illinois Appellate Court, *inter alia*, condemned as "reprehensible" the actions of the plaintiff here, Federal Savings and Loan Insurance Corporation (FSLIC), in filing this foreclosure action

while it was serving as receiver of the properties for the state court. The Appellate Court remanded the case to the Circuit Court of Madison County, Illinois with directions to enter an order requiring that FSLIC reconvey the properties here involved to its predecessor before it can be discharged as the court's receiver. Further, FSLIC was denied all fees and compensation for its services as receiver.

Counsel for defendants James C. Green and Granite Investment Company argues that this Illinois Appellate Court decision evidences the continuing existence of the receivership in the state court. Counsel contends that this fact deprives this Court of jurisdiction based upon the well-established proposition that "when a court of competent jurisdiction has obtained possession, custody, or control of property, that possession may not be disturbed by any other court." 14 Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 3631, at 6 (1976). *See, e. g., Palmer v. Texas*, 212 U.S. 118, 129–30, 29 S.Ct. 230, 53 L.Ed. 435 (1909). Further, counsel for these defendants suggests that once the Appellate Court's order becomes final and FSLIC is required to reconvey the properties, there will no longer be jurisdiction in this action because federal jurisdiction is based upon the status of the federal entity, FSLIC, as a party to this action.

■ First, this Court is in complete accord with the line of cases illustrated by *Palmer v. Texas*, 212 U.S. 118, 29 S.Ct. 230, 53 L.Ed. 435 (1909), and relied upon by counsel for defendants Green and Granite Investment here. Those cases clearly enunciate the common-sense principle that once a court of competent jurisdiction takes control of property other courts must respect that jurisdiction and may not exert their own jurisdiction over the property. As cited by counsel, a contrary rule may lead to the anomalous result that the res could be disposed of by another court before the court which originally acquired jurisdiction of the res had properly administered the property. *See Palmer*, 212 U.S. at 129–30, 29 S.Ct. 230.

■ While not disputing the existence and wisdom of this general rule, I find it to be inapplicable under the facts of this case. The pleadings in this case clearly indicate that at the time this action was commenced in this Court, the Illinois Appellate Court had ordered the state court receivership dissolved. In fact, this Court's order of September 2, 1976, granting FSLIC possession of the properties as mortgagee in possession was specifically conditioned upon the mandate of the Appellate Court in dissolving the receivership becoming effective. Thus, this Court did not, nor would it, interfere with the state court's jurisdiction over the properties here involved so as to violate the rule of the *Palmer* line of cases.

A contrary conclusion is not compelled as a result of continuing state court proceedings involving a final accounting by the receiver. The telling factor and the premise upon which the *Palmer* rule is based, control of the property, had been resolved with the dissolution of the receivership. The property was no longer under the control of the state court and was, and is, therefore subject to the jurisdiction of this Court.

This result is consistent with the opinion of the United States Court of Appeals for the Eighth Circuit in *Doyne v. Saettele*, 112 F.2d 155 (8th Cir. 1940), a remarkably analogous case. In that case, the Missouri Supreme Court filed an opinion holding that a petition in St. Louis City Circuit Court, upon which a receiver had been appointed, failed to state a cause of action and thus the court was without jurisdiction to appoint a receiver. Before the Missouri Supreme Court's mandate was finalized, an action was filed in federal court seeking an accounting, liquidation of the assets, and distribution of the appropriate funds.

The Court of Appeals affirmed the district court's exercise of its jurisdiction, specifically rejecting the applicability of the principle that because the courts of Missouri had first acquired jurisdiction of the property involved they were entitled to retain it exclusively against all other courts. *Doyne*, 112 F.2d at 160. The court reasoned that

because the Missouri Supreme Court had ruled that the receivership must be dissolved, the state court was not a court of competent jurisdiction exercising control over the property which would preclude the institution of the action in federal court. *Doyne,* 112 F.2d at 160–61. This conclusion was reached despite the fact "certain acts remained to be done by the Missouri courts to make the writ [dissolving the receivership] completely effective." *Doyne,* 112 F.2d at 161.

Having thus concluded that this Court does indeed have jurisdiction of this action and may proceed accordingly, it is incumbent upon this Court to protect that jurisdiction. Absent circumstances not here present, federal courts are obligated to decide cases properly within their jurisdiction. *See Cohens v. Virginia,* 19 U.S. (6 Wheat) 264, 404, 5 L.Ed. 257 (1821).

Thus, it occurs to me that the *Palmer v. Texas* rule discussed above should now be applied to protect the jurisdiction of this Court in dealing with the subject matter of this action. Further, I note the existence of a federal statute providing that state court proceedings may be enjoined by a federal court where such action is necessary in aid of the federal court's jurisdiction. 28 U.S.C. § 2283; *see generally,* 42 Am.Jur.2d *Injunctions* § 233 (1969). This statute would allow, in fact require, this Court to enjoin any state court action which impinged upon the jurisdiction of this Court, as, for instance, counsel for defendants Green and Granite Investment suggests the state court's order requiring FSLIC to reconvey the property would do. I note, however, that this issue is not presently before this Court because the mandate of the Illinois Appellate Court has not yet become final.

In reaching these conclusions I emphasize that this Court retains the highest possible degree of respect for this Court's sister courts of the State of Illinois. Certainly all possible precautions have and will continue to be taken to avoid "unseemingly conflicts" between courts of concurrent jurisdiction.

At the same time, however, this Court remains extremely disturbed by arguments of counsel suggesting that this Court and the state court are proceeding on what must ultimately prove to be a collision course. This Court does not share counsel's pessimistic outlook, and I am confident that my perspective is shared by my state court brethren.

Accordingly, the motions of defendants James C. Green and Granite Investment Company relating to this Court's jurisdiction are hereby denied.