## Durham v. Straub

*Lawrence G. Frank,* for petitioner.

*Marian MacIntyre,* Deputy District Attorney, for respondents.

DOWLING, J., March 20, 1974.—In this somewhat unusual matter, one Judith E. Durham petitions to expunge certain records pertaining to various arrests on charges which were either dismissed or nolle prossed.

In 1965, Judith Duham was charged with malicious mischief, allegedly breaking four windows in an automobile. The matter was nolle prossed on settlement in full with the owner of the property and payment by defendant of the court costs. In 1967, she was charged with fraudulent conversion, a matter concerning the possession of certain items of furniture. The grand jury dismissed this charge, placing the costs on the county. Then, in 1968, petitioner was arrested on a charge of firing personal property, it being alleged that she burned a certain motor vehicle. It was a

private prosecution by a travelling musician and when the prosecutor did not appear the second time the case was scheduled the matter was dismissed. Petitioner's last brush with the law occurred in 1972 and resulted in a charge of forgery. It was alleged that she had fraudulently altered a check, raising it from $33.60 to $133.60. An application for nolle prosequi was approved upon payment by defendant to the bank involved, as well as payment of the cost.

It is alleged and not denied that as a result of these arrests, Miss Durham was photographed and finger-printed and that records were made by the Harrisburg City Police Department, such records being duly trans-mitted to the Pennsylvania State Police and the Federal Bureau of Investigation.

Petitioner asks the court to order the Commissioner of Police of the City of Harrisburg to destroy any and all records in the files of the Harrisburg Police Depart-ment and Office of the District Attorney of Dauphin County, including photographs and fingerprints, and also that he be directed to obtain any such records from the Pennsylvania State Police and the Federal Bureau of Investigation and, upon receipt, destroy them.

Miss Durham avers that the presence of these records and files in the agencies above set forth is un-justified, because she was never convicted of any of the offenses and that their existence is harmful to her reputation and can interfere with her livelihood.

It is alleged that the right to expungement exists either on the theory of invasion of privacy or due proc-ess requirements. No Pennsylvania authority is put forth, but several decisions of sister States are cited as granting such relief: State ex rel. Reed v. Harris, 348 Mo. 426, 153 S. W. 2d 834 (Missouri, 1941), limited to situations where petitioner could point to improper

dissemination of his records; Eddy v. Moore, 5 Wash. 334, 487 P. 2d 211 (Washington, 1971), holding that in the absence of a compelling showing on the part of the State to justify retention, expungement will be ordered; and Davidson v. Dill, 503 P. 2d 157 (Colorado, 1972), remanding the case to the lower court for determination of the need, if any, for retaining the arrest records. There are also some Federal cases recognizing such a right. See U. S. v. Kalish, 271 F. Supp. 968 (District Court for Puerto Rico, 1967), and Morrow v. District of Columbia, 417 F. 2d 728 (1969). There is a case out of the Eastern District of Pennsylvania, Hughes v. Rizzo, 282 F. Supp. 881 (1968), involving an action under the Civil Rights Act concerning the mass arrest of "hippies." However, in ordering the records expunged, the court held that the arrests were without legal justification.

The courts in other jurisdictions have declined to grant the relief of expungement of arrest records on the grounds that the decision whether such records should be expunged or restricted is particularly within the province of the legislature, and that, in the absence of legislative authorization, the court is powerless to grant relief: Herschel v. Dyra, 365 F. 2d 17 (7th Cir., 1966), cert. denied 385 U. S. 973; Spock v. District of Columbia, 283 A. 2d 14 (D. C. Ct. App., 1971); Sterling v. City of Oakland, 208 Cal. App. 2d 1, 24 Cal. Rptr. 696 (1962): Mulkey v. Purdy, 234 So. 2d 108 (Fla., 1970); Kolb v. O'Connor, 14 Ill. App. 2d 81, 142 N. E. 2d 818 (Ill., 1957).

In the Commonwealth of Pennsylvania, the situation is even more unfavorable for plaintiff. We not only lack statutory authority to grant such relief but there are, in fact, legislative mandates to the contrary. The existing statutory law provides for the taking of fingerprints or photographs by State Police and all police

officers of persons in custody who have been charged with the commission of a crime. A duty is imposed upon police officers to furnish to the Pennsylvania State Police copies of fingerprints and photographs of all persons charged with the commission of a felony. Further, there is a duty imposed on the Pennsylvania State Police to develop and carry on a complete system of criminal identification and investigation; to cooperate with law enforcement agencies of other States and of the United States, and to furnish any information concerning any person charged with crime to any court, district attorney, police officer of this Commonwealth or of another State, or of the United States: Act of April 27, 1927, P. L. 414, sec. 3 and 4, as amended, 19 PS §§1403, 1404.

There is a provision in section 5 of the Act of 1927, supra, requiring district attorneys to destroy fingerprints of persons acquitted. This positive direction contained in section 5 of the act, together with a complete absence from all other sections of the act of a direction to police officers to destroy fingerprints or photographs, shows a legislative intent to limit directions to destroy the fingerprints of acquitted persons to those kept by district attorneys. "Expressio unius est exclusio alterius." See Commonwealth v. Magaziner, 50 D. & C. 2d 291 (1970).

It is of interest to note that under the new Accelerated Rehabilitative Disposition Program as promulgated by the Pennsylvania Supreme Court, there is no provision for the expungement of arrest records for an individual who has successfully completed this program. However, under The Controlled Substance, Drug, Device and Cosmetic Act of April 14, 1972, P. L. 165, sec. 19 (no. 64) effective June 14, 1972, as amended, Act of October 26, 1972, P. L. 775, sec. 1 (no. 263), 35 PS §§780-101, et seq., the legislature has made pro-

vision for the expunging of records of arrests when charges under the act are withdrawn or dismissed or the person is acquitted of the charges. Thus, while the legislature has seen fit to provide for expungement under The Controlled Substance, Drug, Device and Cosmetic Act, the legislature has not spoken about the expungement of other arrest records.

The rationale favoring retention of arrest records is found in U. S. v. Rosen, 343 F. Supp. 804 (S. D. N.Y., 1972), where the court stated, at page 809:

"To permit law enforcement officials to retain arrest records, photographs or fingerprints promotes more effective law enforcement. Allowing the police broad discretion in retaining arrest records enables them to utilize more efficiently their facilities for combatting crime. Moreover, arrest records may be vital in curbing the growth of crime."

In accordance with the foregoing, the petition to expunge criminal records is denied.