NAVAJO LIFE INSURANCE COMPANY, an Arizona corporation, by Susan GALLINGER, Director of Insurance and Receiver, and Mark D. Tharp, Special Deputy Receiver for Navajo Life Insurance Company, an Arizona corporation in Receivership, Plaintiff,

v.

FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland corporation, Defendant.

No. CIV 92–0686 PHX–EHC.

United States District Court, D. Arizona.

Nov. 9, 1992.

Eileen Trichel Baldwin, Nicholas C. Guttilla, P.C., Phoenix, AZ, for plaintiff.

William F. Haug, John Robert Doody, Jennings, Kepner & Haug, Phoenix, AZ, for defendant.

## ORDER

CARROLL, District Judge.

*Background*

On March 10, 1992, plaintiffs, as receivers for Navajo Life Insurance Company (Navajo), filed this action as Petition No. 40 within the Receivership of Navajo Case No. CV 89–34043, in Maricopa County Superior Court. Plaintiffs allege that on or about March 1, 1980, defendant issued a $500,000 bond to Navajo. Complaint at para. IV. On July 24, 1990, plaintiffs notified defendant that six individuals had a bond-covered claim against Navajo in amounts varying from $110,000 to $3.5 million and, therefore, plaintiffs were submitting a claim for the full $500,000 policy limits. *Id.* at para. VI. Despite plaintiffs' numerous inquiries, defendant has provided no response to the claim. *Id.* at para. XIX.

Plaintiffs allege that defendant's behavior amounts to a breach of contract as well as a breach of the duty of good faith and fair dealing. Plaintiffs seek $500,000 in contract damages, punitive damages, costs, and attorneys' fees.

Defendant removed the action to this Court on April 10, 1992. Defendant also demanded a jury trial.

On May 27, 1992, plaintiffs filed an amended motion to remand/amended motion for abstention. Plaintiffs asserted that this Court lacked subject matter jurisdiction over the action and that defendant could not remove the action to federal court. Plaintiffs also asserted that this Court should abstain from hearing the case.

*Discussion*

### I

Plaintiffs' first contention is that this Court lacks subject matter jurisdiction over the action. Plaintiffs claim that because the state Superior Court has as-

sumed jurisdiction over all of the assets of Navajo, no other court can assert jurisdiction over any action that involves a Navajo insurance policy. In support of their claim, plaintiffs cite a number of cases that support the proposition that federal courts should not disturb the possession of assets properly under the control of a state court. *E.g., Genecov v. Wine,* 109 F.2d 265 (8th Cir.1940). However, none of the cases plaintiffs cite suggests that a federal court does not have subject matter jurisdiction over an action simply because the action involves an insurance policy held by an insolvent insurance company in receivership. The cited cases only hold that in an action *in rem* where a state court has taken control of the res, the state court has the power to hear and determine all controversies relating to the res to the exclusion of the federal courts. *E.g., Penn General Casualty Co. v. Pennsylvania,* 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850 (1935); *Lion Bonding & Surety Co. v. Karatz,* 262 U.S. 77, 43 S.Ct. 480, 67 L.Ed. 871 (1923).

The present case is not an action *in rem* simply because the state court is in possession of a disputed insurance policy. This Court does not seek to disturb the possession of the policy, it only seeks to determine whether the policy is enforceable. In such a case, no dispute exists over the possession of a res as existed in the cases plaintiffs cite. Plaintiffs are seeking a money judgment against defendant for breach of contract based on the policy. Hence, the action is *in personam* rather than *in rem.*

Similar questions were discussed in *Grimes v. Crown Life Insurance Co.,* 857 F.2d 699 (10th Cir.1988) and *Levy v. Lewis,* 635 F.2d 960 (2d Cir.1980). Both cases involved the liquidation of insurance companies whose assets were under the control of state courts. In *Levy,* the plaintiff was seeking the declaration of rights in property that the state court controlled. 635 F.2d at 966. After noting the principle "that once a court has jurisdiction over a particular res, no other court can proceed *in rem*

with respect to the same res," the court described the declaration of rights suit as *in personam* and found that jurisdiction was not lacking. *Id.* at 965–66. While the plaintiff in the present case does not seek a declaration of rights, the cases are similar in that the suits involve *in personam* actions regarding an insurance company's assets held by a state court. As the *Levy* court notes, the fact that the state court is in possession of the asset does not deprive the federal court of jurisdiction. *Id.*

█ The facts in the *Grimes* case are particularly similar to the present case. In *Grimes,* a receiver for an insolvent insurance company was seeking a declaratory judgment as to the obligations of another insurance company under an insurance contract. 857 F.2d at 701. Although in *Grimes,* the Oklahoma County District Court authorized a separate judicial action to determine the different parties' rights under the insurance contract, the analysis of federal court jurisdiction is the same. *See id.* The analysis is that, in an *in personam* action, the fact that a state court has jurisdiction over all the assets of an insolvent insurance company does not bar federal court jurisdiction where the federal court's ruling will not "interfere with the constructive possession" of the asset. *Id.* The present case involves an *in personam* breach of contract claim which will not interfere with the constructive possession of the insurance policy. Thus, this Court has subject matter jurisdiction over the present action.[1]

## II

█ Plaintiffs' second contention is that defendant cannot remove this action to federal court because plaintiffs commenced the state receivership action over two years ago. Plaintiffs rely on 28 U.S.C. § 1446(b), which says that removals based on diversity of citizenship are not allowed if they occur more than one year after commencement of the action. However, 28 U.S.C.

---

1. It should be noted that while in both *Levy* and *Grimes* the respective courts found that there was subject matter jurisdiction over the claims, both courts decided to abstain from hearing the cases. *See Grimes,* 857 F.2d at 703–07; *Levy,* 635 F.2d at 963–67. This issue is addressed in part III, *infra.*

§ 1446(b) also states that a defendant has thirty days after receipt of the initial pleading to file a notice of removal. One could hardly have expected defendant to file a notice of removal at the time plaintiffs commenced the state receivership action. Defendant was not a party to any action and received no initial pleading until two years later when plaintiffs filed the present action. Plaintiffs filed the initial pleading for the present action on March 10, 1992, not when the state receivership proceeding commenced. Defendant filed the notice of removal within thirty days of receiving the initial complaint for this breach of contract claim. As defendant complied with the provisions of 28 U.S.C. § 1446(b), plaintiffs' second claim is without merit.

### III

Plaintiffs' final contention is that this Court should abstain from hearing this case. Plaintiffs base their claim on three separate abstention doctrines. The doctrines are the *Younger* abstention doctrine based on *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the *Burford* abstention doctrine based on *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), and the *Colorado River* abstention doctrine based on *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

#### A. *Younger* Abstention Doctrine

■ Under the original *Younger* doctrine, abstention is appropriate when federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings. *Colorado River Water Conservation Dist.,* 424 U.S. at 816, 96 S.Ct. at 1245. The policy for this doctrine is based on comity, respect for state functions, and concern that federal court injunctions might hamper state criminal prosecutions. *Younger,* 401 U.S. at 43, 91 S.Ct. at 750. Although the doctrine has been applied in civil cases, *Moore v. Sims,* 442 U.S. 415,

423, 99 S.Ct. 2371, 2377, 60 L.Ed.2d 994 (1979) (applying the doctrine to civil proceedings in which important state interests are involved), the facts of the present case do not involve a *Younger* situation.[2] In *Younger,* the federal court restrained the state court proceeding and decided the issues that were already pending in the state court. Here, the only pending proceeding in state court is the receivership proceeding. In hearing the contract claim, this Court would not be required to restrain the receivership proceeding and would only decide the issues involving the contract claim. Because a decision on the contract claim would neither restrain any state proceeding, nor directly interfere with the actual receivership proceedings, *Younger* abstention is not appropriate. *See Turf Paradise, Inc. v. Arizona Downs,* 670 F.2d 813, 820 (9th Cir.1982).

#### B. *Burford* Abstention Doctrine

■ Under the *Burford* abstention doctrine,

a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar'; or (2) where the 'exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'

*New Orleans Public Serv. v. Council of New Orleans,* 491 U.S. 350, 361, 109 S.Ct. 2506, 2514, 105 L.Ed.2d 298 (1989) (citation omitted). The *Burford* doctrine is mainly concerned with protecting complex administrative processes from federal interference, and federal courts should apply it when federal adjudication would "disrupt the State's attempt to ensure uniformity in the treatment of an 'essentially local prob-

---

**2.** Although one court has stretched the *Younger* doctrine to apply in insurance company liquidation proceedings, the Supreme Court has not yet done so. *Levy v. Lewis,* 635 F.2d 960, 965 (2d Cir.1980). Furthermore, in a subsequent

opinion dealing with the same issue, the Second Circuit refused to apply the *Younger* doctrine and relied solely on *Burford. See Law Enforcement Ins. Co. v. Corcoran,* 807 F.2d 38 (2d Cir. 1986).

lem.'" *Id.* at 362, 109 S.Ct. at 2514–15. Thus, the issue here is whether this Court would disrupt a complex state process of dealing with insurance company liquidation by hearing the contract claim.

To determine whether this Court's hearing of the contract claim will disrupt a complex state process, a general understanding of the state's process is necessary. Arizona has enacted a detailed regulatory scheme for the regulation of the insurance industry. Ariz.Rev.Stat.Ann. §§ 20–611 to 20–695. Included in these statutes is the Uniform Insurers Liquidation Act. Ariz.Rev.Stat.Ann. § 20–631. These statutes give the Arizona Superior Court original jurisdiction of insurance liquidation proceedings and the power to make all necessary and proper orders to carry out insurance company liquidation. The Superior Court appoints the Director of Insurance as receiver for the insolvent company. The Director then conducts the liquidation under the supervision of the court. Title to all property, contracts, and rights of action of the insurer are vested in the receiver to be administered under the direction of the Superior Court. The Superior Court can also issue injunctions to prevent interference with the liquidation proceeding.

The Ninth Circuit Court of Appeals has not reached the question whether the *Burford* doctrine applies under the circumstances of the present case. However, a number of other Circuit Courts have determined that when a state has a comprehensive process for the liquidation of insurance companies similar to that of Arizona, the *Burford* doctrine does apply. *See Lac D'Amiante Du Quebec, Ltee v. American Home Assur. Co.*, 864 F.2d 1033 (3d Cir. 1988) (*Burford* abstention appropriate where state scheme for liquidation of insurers was detailed and complex; and case exclusively involved issues of state law); *Grimes v. Crown Life Ins. Co.*, 857 F.2d 699 (10th Cir.1988) (same); *Law Enforcement Ins. v. Corcoran*, 807 F.2d 38 (2d Cir.1986) (abstention appropriate where state has a unified method for formation of policy and determination of cases by Superintendent of Insurance and state courts).

In determining that *Burford* abstention applies in the insurance liquidation context, a court must make a fact-specific inquiry into the case to see if a federal court hearing of the matter will be disruptive to the state scheme. *American Home Assur. Co.*, 864 F.2d at 1047. In determining that federal court jurisdiction would be disruptive to the state scheme the court should look at whether (1) the matter is of special state interest and involves a complex state scheme where the administrative agency cooperates closely with the state courts; (2) the state has expressed its interest in unified decisionmaking; and (3) the issues involved in the matter are largely ones of state law. *Corcoran*, 807 F.2d at 43.

The facts of the present case fit the criteria of determining when to apply *Burford* abstention. First, the matter is of special state concern due to the McCarran–Ferguson Act, 15 U.S.C. §§ 1011–15. This Act gives the states the exclusive right to regulate the business of insurance. Arizona enacted its detailed insurance liquidation statutes pursuant to this Act. When states respond to congressional policy and enact such comprehensive laws to regulate in a specific area, "it becomes increasingly possible that the exercise by a federal court of its jurisdiction will prove to be 'disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'" *Grimes*, 857 F.2d at 703 (quoting *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 814, 96 S.Ct. 1236, 1244–45, 47 L.Ed.2d 483 (1976)).

Furthermore, Arizona's scheme involves a process where the state administrative agency and the state court work closely to safeguard the values of uniformity, expertise, and due process. Arizona's scheme requires the state court to appoint the Director of Insurance as receiver for the insolvent insurance company. The Director then liquidates the company under the supervision of the court. When a state scheme involves this type of partnership, a federal court's refusal to abstain would be "highly destructive of the state's regulato-

ry scheme." *American Home Assur. Co.,* 864 F.2d at 1045.

Second, the state has expressed its interest in unified decisionmaking. Not only does the state scheme give the state court exclusive jurisdiction over insurance liquidation matters, the state court also has the power to issue an injunction to prevent the interference of the liquidation proceeding, as it did here. Such a scheme is similar to the scheme in *Burford* itself; thus, the particular facts of this case do support abstention. *See Grimes* 857 F.2d at 705 (citing *Burford* 319 U.S. at 326–27, 63 S.Ct. at 1103–04).

Finally, the issues involved in this case are exclusively state law issues. The case involves a breach of contract claim stemming from an insurance policy. The policy was issued under the insurance laws of Arizona and the issues will be decided according to Arizona contract law. When a case exclusively involves issues of state law, a district court should weigh in favor of abstention. *American Home Assur. Co.,* 864 F.2d at 1047.

### C. *Colorado River* Abstention Doctrine

"[S]ince *Colorado River* abstention applies, if at all, only in cases where traditional forms of abstention do not ... district courts should ordinarily consider the traditional abstention doctrines first, thereby reducing the chances of either unnecessary or incomplete legal discussions." *Law Enforcement Ins. Co. v. Corcoran,* 807 F.2d 38, 40 (2d Cir.1986) (citing *Moses H. Cone Memorial Hosp. v. Mercury Const.,* 460 U.S. 1, 14–15, 103 S.Ct. 927, 936, 74 L.Ed.2d 765 (1983); *Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246). Because this Court finds that abstention is appropriate under the *Burford* abstention doctrine, it is unnecessary to discuss plaintiffs' arguments under the *Colorado River* abstention doctrine. *See id.*

*Conclusion*

Although this Court recognizes that federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them," *Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246, there are situations where the federal courts should abstain from hearing a case to allow a state court to determine a matter uniquely within its competence. Because the facts of the present case fall within the criteria to abstain under the *Burford* abstention doctrine, this case presents such a situation. Furthermore, to accommodate the "values of economy, convenience, and comity", it is appropriate for this Court to remand this action to the state court. *Corcoran v. Ardra Ins. Co.,* 842 F.2d 31, 36 (2d Cir.1988). Accordingly,

IT IS ORDERED that plaintiff's motion for abstention (docket # 7) is granted and the case is remanded to state court.