**AMS MARKETING, INC., an Arizona corp., Plaintiff,**

v.

**FIDELITY SECURITY LIFE INSURANCE COMPANY, a Missouri corporation, Defendant.**

**No. CIV 92–1774 PHX PGR.**

United States District Court, D. Ariz.

Sept. 16, 1993.

Eileen T. Baldwin, Guttilla & Murphy, Phoenix, AZ, for plaintiff.

Frederick C. Berry, Jr., Phoenix, AZ, John S. Conner, Kansas City, MO, for defendant.

## ORDER

ROSENBLATT, District Judge.

### BACKGROUND

On September 1, 1992, Plaintiff AMS Marketing, Inc. ("AMS Marketing") filed this action in the Maricopa County Superior Court for the State of Arizona. Plaintiff is a wholly owned subsidiary of AMS Life Insurance Company ("AMS Life"), which was placed into receivership pursuant to an order issued in Maricopa County Superior Court, Cause No. CV 92–05232. Upon filing, Plaintiff moved to consolidate this action with Cause No. CV 92–05232.

AMS Marketing's Complaint asserts seeks relief against Defendant Fidelity Security Life Insurance ("FSL") for the alleged breach of two separate Marketing Agreements. Defendant FSL previously appeared in the state court receivership action in pursuit of claims against AMS Life. FSL nevertheless removed this case on diversity grounds, prior to a ruling upon the motion to consolidate. Plaintiff thereafter filed a motion seeking remand or abstention.

*DISCUSSION*

## I.

Plaintiff contends that this court should remand the action because it is ancillary to the state court receivership proceedings and because the Court lacks subject matter jurisdiction of the *res*.

Plaintiff has not established the ancillary nature of this lawsuit such that remand is appropriate on that ground alone. *See Weiner v. Blue Cross of Maryland, Inc.*, 730 F.Supp. 674, 676–77 (D.Md.1990). Something more is required. *See id.*

■ Nor has Plaintiff established that this Court lacks subject matter jurisdiction due to the state court's assumption of jurisdiction over all of the assets of AMS Life.

■ Federal courts should not assume a role in controversies in which a state court has taken control of assets but where a plaintiff, even a receiver, is merely seeking a money judgment against a defendant for a breach of contract, the action is *in personam* rather than *in rem*. *See Navajo Life Ins. v. Fidelity and Deposit*, 807 F.Supp. 1485, 1487 (D.Ariz.1992). So long as a federal court's ruling will not "interfere with the constructive possession" of the estate, federal court jurisdiction is not barred. *Id.* at 1487; *Grimes v. Crown Life Ins. Co.*, 857 F.2d 699, 701–02, n. 2 (10th Cir.1988).

Plaintiff is seeking a money judgment against Defendant for breach of contract based upon marketing agreements entered into by AMS Marketing and FSL. The state court's possession of AMS Life's assets does not deprive the federal court of jurisdiction and does not convert this to an action *in rem*. The action is *in personam*. *See Navajo Life*, 807 F.Supp. at 1487; *Levy v. Lewis*, 635 F.2d 960, 965–66 (2d Cir.1980); *Grimes v. Crown Life Ins. Co.*, 857 F.2d at 701–02.

## II.

Plaintiff further contends that this Court should abstain from exercising jurisdiction on the basis of the *Burford, Younger, Colorado River* and *Motlow* doctrines of abstention

and non-interference (cited and discussed below).

■ A federal court has a "virtually unflagging obligation" to exercise jurisdiction given "by the coordinate branches of government and duly invoked by litigants." *U.S. v. Rubenstein*, 971 F.2d 288, 293–294 (9th Cir. 1992), citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976); *Tucker v. First Md. Sav. & Loan, Inc.*, 942 F.2d 1401, 1407 (9th Cir.1991). Nevertheless, the United States Supreme Court has recognized several situations in which exceptional circumstances warrant abstention from the exercise of federal jurisdiction. *See Grimes v. Crown Life*, 857 F.2d at 703.

### A. *Younger Abstention Doctrine*

■ Under the doctrine established in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), federal courts are barred from enjoining pending state criminal proceedings absent extraordinary circumstances. *Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100, 112, 102 S.Ct. 177, 184, 70 L.Ed.2d 271 (1981). The doctrine has been expanded to certain state civil cases. *See id.; Fireman's Fund Ins. Co. v. Garamendi*, 790 F.Supp. 938, 956 (N.D.Cal. 1992). It has not been expanded to this case, however: *Younger* is limited to federal cases which seek to enjoin state judicial proceedings. *Fair Assessment*, 454 U.S. at 112–113, 102 S.Ct. at 184. As Defendant does not seek to enjoin the state receivership proceeding, and the Court will not be required to interfere with the state proceeding, the *Younger* doctrine does not apply. *See Navajo Life*, 807 F.Supp. at 1488.

### B. *Burford Abstention Doctrine*

■ Under the doctrine established in *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), federal courts should decline to exercise jurisdiction in proceedings involving essentially local issues arising out of a complicated state regulatory scheme. *Tucker v. First Maryland Sav. & Loan, Inc.*, 942 F.2d at 1405.

The Ninth Circuit requires the presence of three factors before abstention may apply:

(1) that the state has concentrated suits involving the local issue in a particular court; (2) the federal issues are not easily separable from complicated state law issues with which the state courts may have special competence; and (3) that federal review might disrupt state efforts to establish a coherent policy.

*Tucker v. First Maryland Sav. & Loan, Inc.,* 942 F.2d 1401, 1405 (9th Cir.1991).[1]

The handling of the affairs of insolvent insurance companies is generally the responsibility of the states and federal courts have been reluctant to interfere in state receivership proceedings. *State of Idaho ex rel. Soward v. U.S.,* 858 F.2d 445, 450 (9th Cir. 1988). There is no doubt that this is a matter of substantial state concern. *See id; Grimes v. Crown Life Ins. Co.,* 857 F.2d at 703–04; *Levy v. Lewis,* 635 F.2d 960, 963–64 (2d Cir.1980).

Nor is there any doubt that, due to the filing of the receivership action in the state court of Arizona, the state has concentrated suits involving the local issue, *i.e.,* the receivership and the status of AMS Life and its affiliated companies. *See Tucker,* 942 F.2d at 1405–06; *Navajo Life,* 807 F.Supp. at 1489–90.

As to "federal issues," there are none. This action is based upon state law. *See Tucker* at 1406; *Navajo Life* at 1490. As to the effect of federal review, there is a possibility that review in this case would disrupt state efforts to establish a coherent policy. Specifically, that risk is present in this action due to the dispute concerning the commission funds which allegedly are now included in AMS Life's estate. Generally, there is an overall risk that exercise of jurisdiction in this action will disrupt Arizona's coherent policy and exercise of its right to regulate the business of insurance, a right specifically granted under the McCarran–Ferguson Act,

15 U.S.C. §§ 1011–15. *Navajo Life,* 807 F.Supp. at 1489–90.[2]

This action is distinguishable from *Tucker v. First Maryland Sav. & Loan, Inc.,* 942 F.2d 1401 (9th Cir.1991). In that case, the plaintiff brought a lender liability action against FMSL, a Maryland savings and loan. FMSL argued that, as it was involved in receivership in Maryland, the district court should abstain under *Burford* and *Colorado River. Tucker* did not involve "the normal type of abstention whereby a federal court defers to the state law in which it sits." *Tucker,* at 1407. It instead involved an attempt, through legislation, to deprive a federal or state court of its subject matter jurisdiction over cases properly before it. *Id.* Although it effectively found the *Burford* factors present, the circuit court balked at such an expansion of outside jurisdiction at the expense of local jurisdiction. *See id.* As this court is asked only to defer "to the state law in which it sits," the *Tucker* court's objections do not apply.

### C. *Colorado River Abstention Doctrine and Motlow*

Because this Court has determined that abstention is proper under the *Burford* abstention doctrine, it need not discuss Plaintiff's arguments concerning *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) and *Motlow v. Southern Holding and Securities Corp.,* 95 F.2d 721 (8th Cir.1938), *cert. denied,* 305 U.S. 609, 59 S.Ct. 68, 83 L.Ed. 388 (1938). *See Navajo Life,* 807 F.Supp. at 1490.

### D. *Remand*

■ In general, if a district court determines that *Burford* abstention is appropriate, "dismissal rather than stay of the federal action is normally required." *Tucker,* 942 F.2d at 1405. In this case, the Court may, in

---

1. *Tucker, supra,* was decided subsequent to a United States Supreme Court opinion which articulated the test in a slightly different fashion. *See New Orleans Public Serv. v. Council of New Orleans,* 491 U.S. 350, 361, 109 S.Ct. 2506, 2514, 105 L.Ed.2d 298 (1989). The tests do not differ so significantly as to change the result in this case. *See Garamendi,* 790 F.Supp. at 952.

2. The Court notes that this action differs from *Navajo Life Ins. v. Fidelity and Deposit,* 807 F.Supp. 1485 (D.Ariz.1992) in that, although Plaintiff claims it was instituted by the receiver, the receiver is not a party. Because the possibility remains that federal adjudication might disrupt the State's attempt to ensure uniformity of treatment of an "essentially local problem," it is appropriate to follow *Navajo Life.*

the interest of "economy, convenience, and comity," remand this action to the state court. *See Navajo Life,* 807 F.Supp. at 1490 (citation omitted); *Grimes v. Crown Life,* 857 F.2d at 707.

### III

FOR THE REASONS SET FORTH HEREIN,

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (Doc. 7) is denied to the extent that the Court has rejected Plaintiff's arguments therein.

IT IS FURTHER ORDERED that Plaintiff's Motion to Abstain (Doc. 8) is granted

IT IS FURTHER ORDERED that, as the Clerk of Court has filed Defendant's improperly submitted "Response to Plaintiff's Reply," and the Court did not consider the "Response" in ruling upon the pending motions, Plaintiff's Motion to Strike Defendant's Response to Plaintiff's Reply (Doc. 17) and Defendant's Motion for Leave to File Responsive Brief (Doc. 18) are moot.

IT IS FURTHER ORDERED that this action shall be and is remanded to the Maricopa County Superior Court.